IN THE _Circuit_ COURT OF THE _First_ JUDICIAL DISTRICT
OF HINDS, COUNTY, MISSISSIPPI

_Christopher Necaise_

PLAINTIFF

VS.

NO. _22-126_

_MDOR, et al_

DEFENDANT

I, ZACK WALLACE, CIRCUIT CLERK, OF THE CIRCUIT COURT

IN AND FOR THE SAID STATE AND COUNTY DO HEREBY CERTIFY THAT

THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL THE PAPERS

FILED IN THIS OFFICE IN THE ABOVE STYLED AND NUMBERED CAUSE,

AS OF THIS DATE THE SAME IS OF RECORD IN THIS OFFICE IN ~~DOCKET~~

MEC _25CI1:22-cv-00126-EFP_

~~BOOK NO.~~ _____  ~~PAGE NO.~~ _____  ~~TO WIT~~:

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE _20_

DAY OF _April_, _2022_.

ZACK WALLACE, CIRCUIT CLERK
HINDS COUNTY, MISSISSIPPI

BY _Karla Bailey_ _____ D.C.

CCKCTF-1

**Mississippi Electronic Courts**
**Seventh Circuit Court District (Hinds Circuit Court - Jackson)**
**CIVIL DOCKET FOR CASE #: 25CI1:22-cv-00126-EFP**

| | |
|---|---|
| NECAISE v. MISSISSIPPI DEPARTMENT OF REVENUE et al<br>Assigned to: Judge Eleanor Faye Peterson | Date Filed: 03/04/2022<br>Current Days Pending: 45<br>Total Case Age: 45 |
| **Upcoming Settings:** | Jury Demand: None<br>Nature of Suit: Other Torts (175) |
| None Found | |

<u>Plaintiff</u>
**CHRISTOPHER NECAISE**

represented by **Benjamin Ullman Bowden**
Ben Bowden, PC
8927 Lorraine Road,
BridgeWater Commons Suite 204-B
GULFPORT, MS 39503
228-896-5652
Fax: 228-896-5689
Email: bowden@BenBowdenLaw.com
*ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>
**MISSISSIPPI DEPARTMENT OF REVENUE**

<u>Defendant</u>
**THE STATE OF MISSISSIPPI**

<u>Defendant</u>
**ASHLEY MERRYMAN MAY**

<u>Defendant</u>
**CHRISTOPHER GRAHAM**

<u>Defendant</u>
**DAVID CALDWELL**

<u>Defendant</u>
**BRIDGETTE THOMAS**

<u>Defendant</u>
**JAN CRAIG**

<u>Defendant</u>
**MEG BARTLETT**
*IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES*

<u>Defendant</u>
**LAMAR WILSON**
*OFFICIAL CAPACITY*

<u>Defendant</u>
**LYNN FITCH**
*STATE OF MISSISSIPPI ATTORNEY GENERAL*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/04/2022 | 2 | COMPLAINT against MEG BARTLETT, DAVID CALDWELL, JAN CRAIG, CHRISTOPHER GRAHAM, ASHLEY MERRYMAN MAY, MISSISSIPPI DEPARTMENT OF REVENUE, THE STATE OF MISSISSIPPI, BRIDGETTE THOMAS, LAMAR WILSON, filed by CHRISTOPHER NECAISE. (Attachments: # 1 Civil Cover Sheet,) (DKW) (Entered: 03/04/2022) |
| 03/04/2022 | 3 | SUMMONS Issued to ASHLEY MERRYMAN MAY. (DKW) (Entered: 03/04/2022) |
| 03/04/2022 | 4 | SUMMONS Issued to LAMAR WILSON. (DKW) (Entered: 03/04/2022) |
| 03/04/2022 | 5 | SUMMONS Issued to BRIDGETTE THOMAS. (DKW) (Entered: 03/04/2022) |
| 03/04/2022 | 6 | SUMMONS Issued to MEG BARTLETT. (DKW) (Entered: 03/04/2022) |
| 03/04/2022 | 7 | SUMMONS Issued to JAN CRAIG. (DKW) (Entered: 03/04/2022) |

| 03/04/2022 | 8 | SUMMONS Issued to DAVID CALDWELL. (DKW) (Entered: 03/04/2022) |
|---|---|---|
| 03/04/2022 | 9 | SUMMONS Issued to MISSISSIPPI DEPARTMENT OF REVENUE. (DKW) (Entered: 03/04/2022) |
| 03/04/2022 | 10 | SUMMONS Issued to CHRISTOPHER GRAHAM. (DKW) (Entered: 03/04/2022) |
| 03/04/2022 | 11 | SUMMONS Issued to THE STATE OF MISSISSIPPI. (DKW) (Entered: 03/04/2022) |
| 03/04/2022 | 12 | SUMMONS Issued to LYNN FITCH. (DKW) (Entered: 03/04/2022) |
| 04/16/2022 | 13 | SUMMONS Returned Executed by CHRISTOPHER NECAISE. THE STATE OF MISSISSIPPI served on 3/23/2022, answer due 4/22/2022. *Governor Tate Reeves* Service type: Personal (Bowden, Benjamin) (Entered: 04/16/2022) |
| 04/16/2022 | 14 | SUMMONS Returned Executed by CHRISTOPHER NECAISE. LYNN FITCH served on 3/23/2022, answer due 4/22/2022. *State of Mississippi* Service type: Personal (Bowden, Benjamin) (Entered: 04/16/2022) |
| 04/16/2022 | 15 | SUMMONS Returned Executed by CHRISTOPHER NECAISE. MISSISSIPPI DEPARTMENT OF REVENUE served on 3/23/2022, answer due 4/22/2022. *A.G. Lynn Fitch* Service type: Personal (Bowden, Benjamin) (Entered: 04/16/2022) |
| 04/16/2022 | 16 | SUMMONS Returned Executed by CHRISTOPHER NECAISE. ASHLEY MERRYMAN MAY served on 3/24/2022, answer due 4/23/2022. Service type: Personal (Bowden, Benjamin) (Entered: 04/16/2022) |
| 04/16/2022 | 17 | SUMMONS Returned Executed by CHRISTOPHER NECAISE. BRIDGETTE THOMAS served on 3/24/2022, answer due 4/23/2022. Service type: Personal (Bowden, Benjamin) (Entered: 04/16/2022) |
| 04/16/2022 | 18 | SUMMONS Returned Executed by CHRISTOPHER NECAISE. DAVID CALDWELL served on 3/24/2022, answer due 4/23/2022. Service type: Personal (Bowden, Benjamin) (Entered: 04/16/2022) |
| 04/16/2022 | 19 | SUMMONS Returned Executed by CHRISTOPHER NECAISE. CHRISTOPHER GRAHAM served on 3/24/2022, answer due 4/23/2022. Service type: Personal (Bowden, Benjamin) (Entered: 04/16/2022) |
| 04/16/2022 | 20 | SUMMONS Returned Executed by CHRISTOPHER NECAISE. JAN CRAIG served on 3/24/2022, answer due 4/23/2022. Service type: Personal (Bowden, Benjamin) (Entered: 04/16/2022) |
| 04/16/2022 | 21 | SUMMONS Returned Executed by CHRISTOPHER NECAISE. LAMAR WILSON served on 3/24/2022, answer due 4/23/2022. Service type: Personal (Bowden, Benjamin) (Entered: 04/16/2022) |

| MEC Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/18/2022 10:29:02 | | |
| **You will be charged $0.20 per page to view or print documents.** | | |
| MEC Login: | dm9648M | Client Code: | |
| Description: | Docket Report | Search Criteria: | 25CI1:22-cv-00126-EFP |
| Billable Pages: | 2 | Cost: | 0.40 |

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                          PLAINTIFF

VERSUS                              CIVIL ACTION NO.: *22-126*

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, &
ASHLEY MERRYMAN MAY, CHRISTOPHER GRAHAM,
DAVID CALDWELL, BRIDGETTE THOMAS, JAN CRAIG, &
MEG BARTLETT (in their official and individual capacities) &
LAMAR WILSON (official capacity)

                                                            DEFENDANTS

---

COMPLAINT
(JURY TRIAL DEMANDED
FOR CONSTITUTIONAL AND OTHER CLAIMS OUTSIDE THE MTCA)

---

COMES NOW, Plaintiff, CHRISTOPHER NECAISE (Necaise) by and through his

attorney Benjamin U. Bowden, and files this his Complaint against the above-named

Defendants for the unlawful acts taken against Plaintiff Necaise for his reporting of and

refusal to participate in criminal and illegal activity that is/was being carried out at the

Mississippi Department of Revenue. In support of same, the following is shown to this

Honorable Court, to wit:

I.

The Complaint is being brought in part pursuant to the Mississippi Tort Claims

Act. Plaintiff herein has satisfied the Notice requirements of said Act, having served said

Notice on Defendants on November 30, 2021, and ninety (90) days has run since said

service. See Mississippi Tort Claims Act Notice and Proof of Service attached hereto and incorporated herein by reference as Exhibit "A."

II.

To all other parts of the complaint brought against the Defendants falling outside the MTCA, including constitutional violations of freedom of speech, Due Process, and those claims brought against the individuals in their individual capacity, a jury trial is demanded.

## PARTIES

III.

That Plaintiff, CHRISTOPHER NECAISE, is an adult resident citizen of Diamondhead, Hancock County, Mississippi.

IV.

Defendant, State of Mississippi, is one of fifty sovereign states within the federalist system of the United States of America and may be served with process upon its Governor Tate Reeves and Mississippi Attorney General Lynn Fitch at Walter Sillers Building, 550 High Street, respectively, Jackson MS 39205.

V.

Defendant Mississippi Department of Revenue is a Department of the State of Mississippi which may be served with process on the Mississippi Attorney General Lynn Fitch, at Walter Sillers Building, 550 High Street, Suites 1200, Jackson MS 39205.

2

## VI.

That Defendant, ASHLEY MERRYMAN MAY (May), is an adult resident citizen of the State of Mississippi who may be served with process at her place of work, 660 North St., Ste 104, Jackson, MS 39202.

## VII.

That Defendant, CHRISTOPHER GRAHAM (Graham, Commissioner Graham), is an adult resident citizen of the State of Mississippi who may be served with process at his place of work, 500 Clinton Center Dr, Clinton, MS 39056

## VIII.

That Defendant, DAVID CALDWELL (Caldwell), is an adult resident citizen of the State of Mississippi who may be served with process at his place of work, 500 Clinton Center Dr, Clinton, MS 39056.

## IX.

That Defendant, BRIDGETTE THOMAS (Thomas), is an adult resident citizen of the State of Mississippi who may be served with process at her place of work, 500 Clinton Center Dr, Clinton, MS 39056.

## X.

That Defendant, JAN CRAIG (Craig), is an adult resident citizen of the State of Mississippi who may be served with process at her place of work, 500 Clinton Center Dr, Clinton, MS 39056.

XI.

That Defendant, MEG BARTLETT (Bartlett), is an adult resident citizen of the State of Mississippi who may be served with process at her place of work, 500 Clinton Center Dr, Clinton, MS 39056.

**FACTS**

XII.

That on or about October 15, 2018, Plaintiff Necaise started working as a staff attorney at the Mississippi Department of Revenue (MDOR) at its headquarters located at 500 Clinton Center Dr, Clinton, MS 39056 where all of the Defendants worked at all times relevant hereto. During the course of Plaintiff's employment, Graham was the Commissioner of the Department of Revenue, Craig and Bartlett were Assistant Commissioners of Revenue, and May was Chief Legal Counsel and Necaise's direct supervisor. Caldwell and Thomas were senior attorneys whereas Necaise was merely a staff attorney.

XIII.

In his position as an attorney, Necaise was employed as "Non-State Service" employed at-will. Necaise had no supervisory responsibilities over other attorneys, or policy making input or authority at MDOR. His duties involved handling matters that were assigned to him. Generally, this included litigation in administrative and judicial

4

courts involving individual income tax, corporate income and franchise tax, sales and use tax, injunctions, subpoenas, foreclosures, and public records requests.

XIV.

In handling his responsibilities, Necaise enjoyed an excellent reputation regarding his work product at the MDOR. Indeed, Necaise's boss, Chief Counsel Ashley May (May), commended Necaise, on or about September-October 2020, when the data was in, on the MDOR legal office actually breaking its previous record for number of matters handled due largely to the case load handled by Necaise. Necaise was again commended in early November 2020 by May and also his second (back-up) attorney for his effective handling of an attorney known for clouding the issues whenever MDOR filed for summary judgment. Additionally, Necaise's personnel file, which was furnished by Lamar Wilson upon Necaise request following Necaise's wrongful termination was totally clean, indicating that in addition to the foregoing, Necaise was a good employee that had a satisfactory work product.

XV.

That on or about early-November 2020, Necaise was assigned a subpoena stemming from a court case wherein a subpoenaing attorney's office (Subpoenaer) was suing a Mississippi Taxpayer on behalf of its client, and through said subpoena sought the Mississippi citizen's confidential taxpayer information. Necaise informed the Subpoenaer that the information sought on the Mississippi citizen they were suing was

5

protected information and could not be released with a mere subpoena and provided said Subpoenaer with the legal authority which forbid such release. Later, on Thursday, November 19, 2020, said Subpoenaer suggested that it would narrow the scope to only the ABC application(s) which it said was always released by MDOR; however, Necaise replied that he saw nothing in law which would allow for that disclosure either. Necaise said that if the Subpoenaer could provide either specific statutory authority or a proper judicial order, he would review it and the Mississippi Taxpayer's information would be provided if authorized by, and only in accordance with law. No such authority was ever provided to Necaise by the Subpoenaer.

XVI.

To ensure that he had not missed anything himself, on this same date Necaise inquired verbally of Ashley May and Senior Attorney David Caldwell who handled ABC matters whether ABC applications were treated differently than sales tax applications and handed over as had been suggested by the Subpoenaer. Both May and Caldwell replied in the affirmative, but neither could provide any specific legal authority when requested by Necaise. Being conscientious, Necaise once again researched the matter and confirmed his earlier finding that there was no such authority. Having already told the attorney's office that the subpoena was legally insufficient to authorize such release of information without specific authority (and since no such authority was ever

located/provided by the subpoenaing attorney) that subpoena matter was concluded by Necaise.

## XVII.

Necaise then changed tack on Friday, November 20, 2020, over concerns that the other attorneys and the MDOR were violating the rights of Mississippi taxpayers and breaking the law in the process. Necaise sent an email to May and Caldwell sharing his research, expressing concerns that MDOR was acting in an unlawful manner, and indicating that absent some lawful authority he would not release such information in violation of law even if others were apparently doing so. Necaise faced immediate pushback and for the first time realized that his employment might be in jeopardy when May verbally threatened on that same day that, in effect, if Necaise cannot release the information he cannot do his job. Copies of relevant emails are attached and adopted as Exhibit "B."

## XVIII.

The said email exchange continued through the following Tuesday, November 24, 2020. Necaise, for his part, explained that the ABC Application (document and its attachments) contained information such as the taxpayer's name, the amount of ABC privilege taxes paid, Social Security Number, Bank name and account numbers with amounts on deposit, and even if a law existed that authorized some release of taxpayer information there would still have to be redaction of others, such as social security

numbers. May for her part admitted she was not even familiar with what information

was contained on an ABC application and did not address the issue of redactions. Instead,

she opted for pressing for release in what may best be termed an all-or-nothing approach.

May, Caldwell and Bridgett Thomas (Thomas) began grasping for any legal bases to

justify the past/continued release of said taxpayer information (e.g., BTA access authority,

Public Records Act, M.C.A. § 67-1-55). In rebuttal, Necaise carefully pointed out why each

of these did not furnish disclosure authority for such confidential taxpayer information

and provided legal reasoning and authority underpinning same.

XIX.

That despite Necaise's collaboration, good faith cooperation, and reporting,

unbeknownst to him at the time and not discovered until after his termination and a

public records request, by Monday, November 23, 2020, May had already drafted what

amounts to an unsent termination email expressing intent to get rid of him, even though

she had just assigned him new matters the week prior, and even on November 19, 2020,

the day before his report of illegality at the MDOR on November 20, 2020. Also, on

Tuesday, November 24, 2020, May obtained a termination template from the Human

Resources Office to fire Necaise. Additionally, on Wednesday, November 25, 2020 (the

day before Thanksgiving) May had Thomas research what Federal and state cases

Necaise was counsel of record in and otherwise made preparations to fire Necaise the

following week. Clearly, the Monday (November 23, 2020) after the Friday (November

20, 2020) of Necaise's reporting of illegality (and possibly earlier during that weekend), May was already making plans to get rid of Necaise after she had just assigned him a matter the day before his reporting (November 19, 2020) with expectation that he would remain at his job through at least February of the following year, 2021. However, only Commissioner Graham could fire Necaise and it would, therefore, have been necessary to convince Graham to fire Necaise since he would not have had any direct knowledge without being informed.

XX.

Thomas in addition to assisting May in terminating Necaise and despite not being Chief Counsel stated tersely in an email to Necaise that the protected information <u>would</u> be released. Thomas cooperated fully with May to facilitate Necaise's termination and likely colluded with her to seek termination of Necaise. A copy of said email is attached and adopted as Exhibit "C."

XXI.

May also communicated with MDOR Commissioner Christopher Graham (Commissioner Graham, Graham) by email early in the morning on Monday, November 30, 2020, indicating that the two had previously discussed Necaise's termination, presumably the previous week before the Thanksgiving holiday. (Although this suggests the presence of other such emails, same were wrongly withheld from Necaise's public records request and no general description of, or reason for the withholding of each

9

individual document was given. Necaise did not accept the proposal for him to pay

Caldwell an attorney's fee to research and provide a privilege log, since MDOR owed an

explanation/description of which documents were being withheld and why.) A copy of

said email and public information request is attached and adopted as Exhibit "D" & "E,"

respectively.

XXII.

Likewise, it is believed May colluded with Meg Bartlett who is Associate

Commissioner over the ABC Division, and Jan Craig the other Associate Commissioner

of the MDOR, both of whom May is apparently close friends with. Necaise learned after

his termination that MDOR had entered into an agreement with the US DOL to release

this same information, in an agreement which was legally suspect and would have

occurred during their tenure and before Graham became Commissioner. A copy of said

agreement is attached and adopted as Exhibit "F."

XXIII.

It is believed that May began colluding with Bartlett and Craig on the day he made

his initial report of illegality on November 20, 2020. On said November 20th following

May's verbal threat to Necaise and shortly after 5:00 p.m. that day., Necaise saw May,

Craig, and Bartlett huddling together in the Executive suite discussing a matter of

apparent concern. Upon them noticing Necaise they gave him an uncharacteristic scowl,

suggesting that the matter of concern they were discussing was him. Furthermore, review

10

of documents produced by MDOR in partial compliance with Necaise's public records request show what appears to be administrative intrusion into Necaise's and Chief Counsel May's emails on the day of and following Necaise's December 20th report of illegality, with the only individuals likely possessing the authority for such administrative intrusion into the legal department's computers being Bartlett, Craig, and/or Graham.

## XXIV.

On Tuesday morning, December 1, 2020, at the weekly attorneys' meeting Necaise asked if anyone had a chance to review the legal issue of releasing ABC taxpayer information via subpoena; May had raised it at the previous attorneys' meeting on Tuesday, November 24, 2020, and it was to be revisited at that meeting. May abruptly interrupted Necaise to state that she had already "handled that Chris," apparently by consummating Necaise's termination later that day.

## XXV.

Another part of May's preparation for firing Necaise was to arrange with the Technology Office to have Necaise locked out of his computer as she was simultaneously firing him in her office. At 3:30 P.M., December 1, 2020, May called Necaise to her office and fired him by giving him the termination notice signed by Commissioner Graham in the presence of Lamar Wilson (Wilson), the Director of Human Resources, who returned from vacation that day. When Necaise asked for the reason, he was being terminated,

May would only say that he was "uncollaborative" which he took exception to, especially in light of all of the foregoing attempts at collaboration/cooperation to resolve the illegality issue.

XXVI.

Necaise's termination notice cites no reason for his termination nor does the Personnel Action Request form signed off on by Wilson on December 9, 2020, over a week after Necaise's firing. A copy of Necaise's personnel file provided to him by Wilson at Necaise's request on Wednesday, December 2, 2020, likewise revealed that his file was totally "clean." In sum, Necaise was given no reason for his termination, was locked out of his computer so he had no ability to respond in writing even if he had been furnished a reason, and was promptly sent out of the building and was not allowed to return until the next day after regular hours when May and the employees had gone, so there was no pre-termination opportunity to speak with Commissioner Graham who signed the termination notice. Said termination notice is attached and adopted as Exhibit "G."

XXVII.

Necaise, still concerned for the taxpayers of Mississippi and the illegality at MDOR, emailed Commissioner Graham, who is himself a lawyer. Although Necaise during their discussions had already commended May to fully inform Commissioner Graham because the matter was serious, Necaise was not sure at that time if Graham was aware of the reported illegality. On Saturday, December 5, 2020, Necaise composed a

lengthy email to Graham with his legal concerns and citations to authority. Graham tersely replied to Necaise on Monday, December 7, 2020, stating, inter alia, that "…I respectfully disagree with much of your analysis…Good luck to you in your future endeavors." Copies of these emails are attached and adopted as Exhibit "H."

XXVIII.

It is unlawful and violative of Mississippi public policy to terminate an employee for reporting or refusing to participate in criminal illegality. Following his termination Necaise promptly filed an appeal of his termination with the Mississippi Employee Appeals Board (MEAB) although it was clear that its statutory grant of authority afforded no relief for a Non-State Service Employee such as Necaise. The MEAB found that it lacked jurisdiction over Necaise's appeal and dismissed the matter. Consistent with the legislative abrogation of Non-State Service due process under M.C.A. § 25-9-123, there is simply no statutory language pertaining to Non-State-Service-*McArn* whistleblowers that would grant MEAB jurisdiction over Necaise's matter, as it so found. Therefore, there were no administrative remedies to exhaust for Necaise because any right of appeal/due process was nonexistent. This statutory denial of MEAB jurisdiction is a violation of post-termination due process by the State of Mississippi itself to Necaise (and all persons) with rights against wrongful termination grounded in *McArn*. A copy of such dismissal is attached and adopted as Exhibit "I."

## XXIX.

Based upon various communications and actions taken by Caldwell, it is believed that Caldwell colluded with the other Defendants, including May, to infringe upon Necaise's rights as mentioned herein. Caldwell is a senior attorney at MDOR who is over ABC matters and HR matters. Caldwell handled Necaise's public records request wherein he improperly redacted/refused to turn over various documents, and as previously mentioned refused to provide the required and specific explanation as to each of the documents that were being withheld. In this same vein, during the MEAB appeal following the MEAB's first order of dismissal, Caldwell filed a motion lacking legal support, misquoting the law, as well as making material misstatements of fact with the believed purpose being to harass, delay, and/or mislead the tribunal/MEAB. These actions are indicative of Caldwell's malfeasances in conjunction with the other Defendants, as well as evidencing an intent to harass, delay, and conceal the truth.

## COUNTS

## XXX.

By reporting illegality and refusing to participate in it, Plaintiff Necaise was a whistleblower under Mississippi law and it was unlawful to fire him for that reason. Plaintiff also had rights under the Federal and state constitutions' free speech clauses. In light of those rights in employment, it was also unlawful for Defendants to take actions

to attempt to have Plaintiff Necaise fired or interfere with his contract/employment because of his report of and/or refusal to participate in illegality.

XXXI.

Said Defendants tortiously interfered with Necaise's contract/employment with MDOR because of his refusal to participate in and his reporting of the illegal dissemination of ABC Taxpayer information.

XXXII.

That on December 1, 2020, Necaise was fired in violation of his rights of Free Speech, Due Process, and his rights under *McArn v. Allied Bruce-Terminix* and its progeny for having earlier on November 20, 2020, reported and having refused to participate in the Mississippi Department of Revenue's (MDOR) illegal dissemination of confidential taxpayer information.

XXXIII.

That the Defendants colluded to infringe and violate under color of law Necaise's rights to Free Speech, Due Process, and infringe his rights under *McArn v. Allied Bruce-Terminix* and its progeny/tortiously interfere with his employment following Necaise's report of and refusal to participate in the MDOR's illegal dissemination of confidential taxpayer information.

## REQUESTED RELIEF

### XXXIV.

That the Defendants intentionally or negligently inflicted emotional distress upon Necaise for reporting and refusing to violate the law and protect the Mississippi taxpayer by colluding to have him wrongfully terminated, and to violate his constitutional rights of Free Speech, and Due Process for which Plaintiff seeks recovery.

### XXXV.

As a proximate result of the Defendants' intent, negligence and/or wantonness, the Plaintiff, CHRISTOPHER NECAISE, suffered monetary losses in the form of lost wages, benefits, fees, and expenses for which he seeks recovery herein.

### XXXVI.

As a proximate result of the Defendants' intent, negligence and/or wantonness, the Plaintiff, CHRISTOPHER NECAISE, suffered mental anguish and emotional distress and will continue to suffer from the same into the future, for which he seeks recovery herein.

### XXXVII.

As a proximate result of the Defendant's intent, negligence and/or wantonness, the Plaintiff, CHRISTOPHER NECAISE, has suffered lost income, lost wages, and loss of wage-earning capacity, and will continue to suffer from the same into the future, for which he seeks recovery herein.

XXXVIII.

As a proximate result of the Defendant's intent, negligence and/or wantonness, the Plaintiff, CHRISTOPHER NECAISE, has incurred certain out-of-pocket expenses, for which he seeks recovery herein.

XXXIX.

Plaintiff herein seeks punitive damages from the Defendants herein for their intentional, gross negligent and/or wanton actions performed in reckless disregard of his rights.

*WHEREFORE, PREMISES CONSIDERED*, Plaintiff seeks and demands judgment against the Defendants in the amount to be determined by the court and/or a jury and which satisfies the jurisdictional requirements of this court, exclusive of interest and costs and for any other, further, and different relief to which Plaintiff may be entitled.

*RESPECTFULLY SUBMITTED*, this the 3rd day of March, 2022.

BY:

BENJAMIN U. BOWDEN (MSB 3733)
BEN BOWDEN, PC
8927 Lorraine Rd, Suite 204-B
Gulfport, Mississippi 39503
Telephone: (228) 896-5652
Facsimile: (228) 896-5689
Email: Bowden@BenBowdenLaw.com
Email: srodgers@BenBowdenLaw.com
*Attorney for Plaintiff*

### SERVICE

I attest that I have hand delivered a copy of the foregoing MTCA Notice to the Governor of the State of Mississippi at __11:14__ o'clock __A__ M. on this __30__ day of __November__, 2021.

SWORN TO AND SUBSCRIBED before me on this __30__ day of __November__, 2021.

My Commission Expires: _____

Notary Public

I attest that I have hand delivered a copy of the foregoing MTCA Notice to the Commissioner of the Mississippi Department of Revenue at __10:48__ o'clock __A__ M. on this __30__ day of __November__, 2021.

SWORN TO AND SUBSCRIBED before me on this __30__ day of __November__, 2021.

My Commission Expires: _____

Notary Public

I attest that I have hand delivered a copy of the foregoing MTCA Notice to the Attorney General of Mississippi at __11:15__ o'clock __A__ M. on this __30__ day of __November__, 2021.

SWORN TO AND SUBSCRIBED before me on this __30__ day of __November__, 2021.

My Commission Expires: _____

Notary Public

Page **19** of 19





*Lynn Fitch*

ATTORNEY GENERAL

March 20, 2020

Notice

**Service of Process Upon the Office of the Attorney General
During the COVID-19 State of Emergency**

The 12th floor lobby of the Attorney General's Office is closed to the public. As of March 20, 2020, and until further notice, Attorney General Lynn Fitch has designated the lockbox located at the Capitol Police desk in the lobby of the Walter Sillers State Office Building at 550 High Street, Jackson, Mississippi as the location for the Attorney General to receive service of process pursuant to Mississippi Rule of Civil Procedure 4(d)(5) and Federal Rule of Civil Procedure 4(j)(2)(B). Summonses and subpoenas to be served on the Attorney General's Office Should be placed in this lockbox.

The Capitol Police will <u>not</u> provide an acknowledgment of service. However, you may take a copy of this notice and the accompanying Attorney General's Office business card for your files.

As a reminder, subpoenas seeking documents in the possession, custody, or control of a state agency other than the Attorney General's Office must be served directly on that agency. Placing those subpoenas in this lockbox is not legally sufficient service of process.

The lockbox will be checked once a day. If the matter requires immediate attention, or if you have a question about service of process, please call or email Assistant Attorney General Doug Miracle at 601-359-5654 or **doug.miracle@ago.ms.gov.**

*Lynn Fitch*

ATTORNEY GENERAL

**Summons Receipt**

Received Date: 11-30- 2021  Time: 11:15 am

Capitol Police: *J Lampkin*



March 20, 2020

Notice

**Service of Process Upon the Office of the Attorney General
During the COVID-19 State of Emergency**

The 12th floor lobby of the Attorney General's Office is closed to the public. As of March 20, 2020, and until further notice, Attorney General Lynn Fitch has designated the lockbox located at the Capitol Police desk in the lobby of the Walter Sillers State Office Building at 550 High Street, Jackson, Mississippi as the location for the Attorney General to receive service of process pursuant to Mississippi Rule of Civil Procedure 4(d)(5) and Federal Rule of Civil Procedure 4(j)(2)(B). Summonses and subpoenas to be served on the Attorney General's Office Should be placed in this lockbox.

The Capitol Police will <u>not</u> provide an acknowledgment of service. However, you may take a copy of this notice and the accompanying Attorney General's Office business card for your files.

As a reminder, subpoenas seeking documents in the possession, custody, or control of a state agency other than the Attorney General's Office must be served directly on that agency. Placing those subpoenas in this lockbox is not legally sufficient service of process.

The lockbox will be checked once a day. If the matter requires immediate attention, or if you have a question about service of process, please call or email Assistant Attorney General Doug Miracle at 601-359-5654 or **doug.miracle@ago.ms.gov.**

<u>Summons Receipt</u>

Received Date: _11-30-_ 2021 Time: _11:14am_

Capitol Police: _J Lampkin_

# $B$EN $B$OWDEN, PC

### TRIAL LAWYER

MAIN OFFICE
8927 Lorraine Road
BridgeWater Commons
Suite 204-B
Gulfport, MS 39503

LUCEDALE OFFICE
398 Ratliff Street
Lucedale, MS 39452

THE STATE OF MISSISSIPPI
By and Through the
Hon. Tate Reeves
In his Official Capacity as
Governor of the State of Mississippi                    HAND DELIVERED

Lynn Fitch, Mississippi Attorney General                HAND DELIVERED

THE MISSISSIPPI DEPARTMENT OF REVENUE
By and Through the
Hon. Christopher Graham
Individually and in his Official Capacity as
Commissioner of the Miss. Dept. of Revenue              HAND DELIVERED

Ashley May, Esq., Individually and in her Official Capacity

David Caldwell, Esq., Individually and in his Official Capacity

Bridgett Thomas, Esq., Individually and in her Official Capacity

Jan Craig, Asst. Comm., Individually and in her Official Capacity

Meg Bartlett, Asst. Comm., Individually and in her Official Capacity

Lamar Wilson, Dir. H.R., in his Official Capacity


The following statutory notice is hereby being hand delivered upon you in accordance

with law.

## MISSISSIPPI TORT CLAIMS ACT NOTICE

### FACTS

On October 15, 2018, Christopher "Chris" Necaise (Necaise) was hired as a staff attorney by the Mississippi Department of Revenue (MDOR) to work at its headquarters in Clinton, Mississippi. In his position as an attorney, Necaise was employed as "Non-State Service" employed at-will. Necaise had no supervisory responsibilities over other attorneys, or policy making input or authority at MDOR. His duties involved handling matters which were assigned to him. Generally, this included litigation in administrative and judicial courts involving individual income tax, corporate income and franchise tax, sales and use tax, injunctions, subpoenas, foreclosures, and public records requests. Necaise enjoyed an excellent reputation regarding his work product at the Department. In fact, when the employees were working from home due to Covid-19 (April-August 2020), Necaise's boss, Ashley May (May), expressed to all the attorneys during their remote meetings that she feared that work efficiency may be suffering because of working remotely. However, in or about September-October 2020, when the data was in, May commended Necaise since the MDOR legal office actually broke its previous record for matters handled due largely to the case load handled by Necaise during this period.

May continued to assign legal matters to be handled by Necaise throughout September, October and November 2020, including several subpoenas received by the

MDOR seeking taxpayer information. All such matters were handled by Necaise including a hearing in early November 2020 for which Necaise was again commended by May and his second (back-up) attorney for his effective handling of an attorney known for clouding the issues whenever MDOR filed for summary judgment. Necaise continued to receive new assignments, including on November 17th and 19th of 2020. May stated that the new matter given to Necaise on Thursday, November 19, 2020, was actually the reassignment of a matter that was previously assigned to an attorney at MDOR who was resigning on December 10, 2020. In the November 19, 2020, assignment May pointed out to Necaise that it involved a hearing to be held in February 2021. Also, on November 20, 2020, May indicated to all attorneys that the said attorney was departing on December 10, 2020, and she implored Necaise and the other attorneys not to leave MDOR due to the short-staffing issue, since two other attorneys had also left MDOR. This brief history clearly establishes that Necaise's supervisor and the MDOR valued his work and there was every expectation that Necaise's employment would continue into the future.

In handling a subpoena in October or early-November 2020 Necaise informed a subpoenaing counsel that the information could not be released with a mere subpoena, provided said attorney with the legal authority restricting release, and upon review of same said attorney withdrew the subpoena. On Thursday, November 19, 2020, in completing his handling of another subpoena received by the MDOR, Necaise likewise

Page **3** of **19**

informed the subpoenaing-attorney's office of the foregoing. The attorney's office then suggested that it would narrow the scope to only the ABC application(s) which it said was always released by MDOR; however, Necaise replied that he saw nothing in law which would allow that disclosure either. Necaise said that if the attorney's office could provide either specific statutory authority or a proper judicial order, he would review it and the information would be provided if authorized by, and only in accordance with law. No such authority was ever provided to Necaise by the subpoenaing attorney's office. Thinking that maybe the subpoenaer was disingenuous or he himself may have missed something, on this same date Necaise inquired verbally of Ashley May and Senior Attorney David Caldwell (Caldwell) who handled ABC matters; Necaise inquired whether ABC applications were treated differently than sales tax applications and handed over as the subpoenaer suggested. Both May and Caldwell replied in the affirmative, but neither could provide any specific legal authority when requested by Necaise. Being conscientious, Necaise once again researched the matter and confirmed his earlier finding that there was no such authority. Having already told the attorney's office that the subpoena was legally insufficient to authorize such release of information without specific authority (and since no such authority was ever located/provided by the subpoenaing attorney) that subpoena matter was concluded by Necaise.

Necaise then shifted gears on Friday, November 20, 2020, over concerns that the other attorneys and the MDOR were violating the rights of Mississippi taxpayers and breaking the law in the process. Necaise sent an email to May and Caldwell sharing his research, expressing concerns that MDOR was acting in an unlawful manner, and indicating that absent some lawful authority he would not release the information in violation of law even if others were apparently doing so. Necaise faced immediate pushback and for the first time realized that his employment might be in jeopardy when May verbally threatened on that same day that, in effect, if Necaise cannot release the information he cannot do his job. The email exchange continued through the following Tuesday, November 24, 2020. Necaise, for his part, explained that the ABC Application (document and its attachments) contained information such as the taxpayer's name, the amount of ABC privilege taxes paid, Social Security Number, Bank name and account numbers with amounts on deposit, and even if a law existed that authorized some release of taxpayer information there would still have to be redaction of others, such as social security numbers. May for her part indicated she was not familiar with what information was on an ABC application and did not address the issue of redactions. Instead, in pressing for release in what may best be termed an all-or-nothing approach, May, Caldwell and Bridgett Thomas (Thomas) began grasping for any legal bases to justify the past/continued release of said taxpayer information (e.g., BTA access authority, Public

Records Act, M.C.A. § 67-1-55). In rebuttal, Necaise carefully pointed out why each of these did not furnish disclosure authority for such taxpayer information and provided legal reasoning and authority underpinning same.

Despite Necaise's good faith cooperation and reporting, unbeknownst to him at the time and not discovered until after his termination and a public records request, by Monday, November 23, 2020, May had already drafted what amounts to an unsent termination email expressing "...I'm not sure that a group setting, like ours, is the right fit for you..."  Also, on Tuesday, November 24, 2020, May obtained a termination template from the Human Resources Office to fire Necaise. Additionally, on Wednesday, November 25, 2020 (the day before Thanksgiving) May had Thomas research what Federal and state cases Necaise was counsel of record in and otherwise made preparations to fire Necaise upon the return of the Human Resources Director the following week. May also nonchalantly asked Necaise when his Board of Tax Appeals (BTA) submissions would be completed and told him to file them as he completed each one rather than hold and file them all together as was the previous practice. May also communicated with MDOR Commissioner Christopher Graham (Commissioner Graham, Graham) by email early in the morning on Monday, November 30, 2020, indicating that that the two had previously discussed Necaise's termination, presumably the previous week before the Thanksgiving holiday. (Although this suggests the presence

of other such emails, same were withheld from Necaise's public records request and no general description of, or reason for the withholding of each individual document was given. Necaise did not accept the proposal for him to pay Caldwell an attorney's fee to research and provide a privilege log since Necaise believed MDOR owed an explanation/description of which documents were being withheld and why.) Clearly, the Monday (November 23, 2020) after the Friday (November 20, 2020) of Necaise's reporting of illegality (and possibly earlier during that weekend), May was already making plans to terminate Necaise after she had just assigned him a matter the day before his reporting (November 19, 2020) with expectation that he would remain at his job through at least February of the following year, 2021.

Necaise reported to his job and worked throughout Monday, November 30, 2020, wary but unaware of what awaited him since May had told him the previous Wednesday before Thanksgiving (November 25, 2020) that he was not to do anything further on the subpoena(s), but she would handle it. On Tuesday morning, December 1, 2020, at the weekly attorneys' meeting Necaise asked if anyone had a chance to review the legal issue of releasing ABC taxpayer information via subpoena; May had raised it at the previous attorneys' meeting on Tuesday, November 24, 2020, and it was to be revisited at that meeting. May abruptly interrupted Necaise to state that she had already "handled that Chris," apparently it seems by firing him later that day.

Another part of May's preparation for firing Necaise was to arrange with the Technology Office to have Necaise locked out of his computer as she was simultaneously firing him in her office. At 3:30 P.M., December 1, 2020, May called Necaise to her office and fired him in the presence of Lamar Wilson (Wilson), the Director of Human Resources, who returned from vacation that day. When Necaise asked for the reason he was being terminated, May would only say that he was "uncollaborative" which he took exception to, especially in light of all of the foregoing attempts at collaboration to resolve the legality issue. Necaise's termination notice cites no reason for his termination nor does the Personnel Action Request form signed off on by Wilson on December 9, 2020, over a week after Necaise's firing. A copy of Necaise's personnel file provided to him by Wilson at Necaise's request on Wednesday, December 2, 2020, likewise revealed that his file was totally "clean." In sum, Necaise was given no reason for his termination, was locked out of his computer so he had no ability to respond in writing even if he had been furnished a reason, and was promptly sent out of the building and was not allowed to return until the next day after regular hours when May and the employees had gone, so there was no pre-termination opportunity to speak with Commissioner Graham who signed the termination notice.

Still concerned for the taxpayers of Mississippi and the illegality at MDOR, Necaise located and emailed Commissioner Graham, who is himself a lawyer. Although

Necaise during their discussions had already commended May to fully inform Commissioner Graham because the matter was serious, Necaise was not sure at that time if Graham was aware of the reported illegality; however, Necaise came to later believe that Graham and/or the two Assistant Commissioners, Meg Bartlett (Bartlett) and Jan Craig (Craig), were apprised of and supported Necaise's termination. On Saturday, December 5, 2020, Necaise composed a lengthy email to Graham with his legal concerns and citations to authority. Graham tersely replied to Necaise on Monday, December 7, 2020, stating, *inter alia*, that "…I respectfully disagree with much of your analysis…Good luck to you in your future endeavors."

Necaise thereafter filed an appeal with the Mississippi Employee Appeals Boards (MEAB). It seemed clear, and the MEAB so found, that it had no statutory authorization to take up Necaise's matter since he was a former Non-State Service employee and his termination claim was not grounded on any of the listed grounds cited by the Mississippi Supreme Court. Caldwell and MDOR attempted to take a contrary position but could cite to no authority which conferred such MEAB jurisdiction, and even misquoted law and the MEAB written record in the process. As noted above, Necaise also propounded a public records request to MDOR for certain documents related to his firing, but although there was partial compliance, it appears that Caldwell/MDOR withheld documents on vague, nebulous and possibly spurious claims of privilege. As indicated, there was very

little email exchange furnished as between May and Commissioner Graham and Assistant Commissioners Bartlett and Craig regarding Necaise's firing although at least one of the documents that was provided suggests the likely presence of other missing documents. Clearly, the violation of the terms, spirit and intent of more than a dozen Federal and State statutes has occurred at the hands of government officials/workers, not to mention regulations, multiple Federal and Mississippi court decisions, Attorney General Opinions, and State and Federal Constitutional provisions. The term "public servant" should be more than mere rhetoric for an official when running for reelection, or seeking legislative confirmation of his appointment.

### *McArn v. Allied Bruce Terminix* and Progeny

At-will employees in Mississippi without any contract for a specific term could always be fired for good reason, bad reason or no reason but not an impermissible reason (e.g., based upon the person's race, etc.). After the Mississippi Supreme Court's decision in *McArn* any termination of an employee based upon that employee's report of illegality or refusal to participate in illegality was also violative as against the public policy of the State of Mississippi; this prohibition applied to all employment in Mississippi (i.e. at-will and for those with contract protection notwithstanding any attempt to negate same as part of the written terms of the contract). Clearly, in attempting to clean up/prevent such corruption within the State of Mississippi the Supreme Court did not intend to shield

corrupt acts of government officials who are in a position to cause even more widespread damage to the public as compared to the facts in *McArn*. As the Supreme Court made clear in a subsequent case, this public policy is grounded in free speech considerations which are, of course, constitutionally protected.

## FREE SPEECH RIGHTS UNDER THE U.S. AND MISSISSIPPI CONSTITUTIONS

Constitutionally protected free speech rights of a public employee to speak out as a citizen on matters of public concern is well defined within Federal case law and precedent. With regard to rights to free speech in Mississippi, as the Mississippi Supreme Court made expressly clear when explaining the underpinnings for the public policy announced in *McArn*, they are grounded in both the whistleblowing employee's right to speak the truth, but also the public's right to hear such speech since its rights may otherwise be adversely affected. This consideration is, of course, stronger not lesser when such illegality involves government. Also, with Constitutional groundings, sovereign immunity does not provide a shield to the state and may be pierced/disregarded.

## U.S. CONSTITUTION 14TH AMENDMENT AND ART. 3 SEC. 14 OF THE MISSISSIPPI CONSTITUTION

The protection of an individual's property interests is well defined within Federal case law and precedent and the Mississippi Supreme Court has announced that the protection under Section 14 of the Mississippi Constitution is just as powerful. The source

of a property interest can come from the terms of a contract or from any other source recognized under state law as imparting a right. *McArn* made it clear that every termination based upon an employee's reporting of illegality or refusal to participate in illegality was against the public policy of the State of Mississippi, and any effort by an employer to attempt to negate this was of no effect. This is a firmly grounded Mississippi right that has existed for nearly two decades, the violation of which subjects the employer to liability and for which the employee is to be compensated. Also, when the employer is a public entity like the State of Mississippi, the denial of that right would otherwise constitute a taking without just compensation.

## DENIAL OF PROCEDURAL DUE PROCESS
## UNDER THE U.S. AND MISSISSIPPI CONSTITUTIONS

When a public entity is involved, due process of law must be afforded to the person impacted. In the realm of employment termination, although a formal pre-termination hearing is not usually required, certain requirements must be met before termination (right to know the reason for termination, right to respond in writing to the allegation, right to speak with the official with the authority over the termination, etc.). No pre-termination due process was afforded to Necaise by those at the MDOR. Post-termination, the employee enjoys the right to a timely, more formal hearing of his grievance, however, when appealing to the Mississippi Employee Appeals Board

(MEAB) in this matter, the only due process avenue provided for under State law, MEAB correctly decided that it had no statutory authority/jurisdiction over a former Non-State Service Employee with claims grounded in *McArn*. Consistent with the legislative abrogation of Non-State Service due process under M.C.A. § 25-9-123, there is simply no statutory language pertaining to Non-State Service *McArn* whistleblowers that would grant MEAB jurisdiction over Necaise's matter, as it so found. This statutory denial of MEAB jurisdiction is a violation of post-termination due process by the State of Mississippi itself to Necaise (and all persons) with rights against wrongful termination grounded in *McArn*.

## STATUTORILY MULTIPLIED DAMAGES

Owing to the nature of the violations by MDOR, Necaise has claims under Federal law for multiplied damages. Also, unlike with a *McArn* based claim, a reasonable belief that the matter reported was illegal suffices and actual illegality is not required. Stated differently, even if it is later determined not to actually be illegal, that does not defeat the claim and the right to increased damages under the clear statutory language as long as there was a reasonable basis for the employee believing there was illegality involved.

## MONETARY DAMAGES

Page **13** of **19**

Necaise's damages are continuing to accrue. Although he has put in applications for many jobs and has had a number of interviews (which not every applicant gets) he inevitably faces the same question. Necaise truthfully indicates that his employment with MDOR ended in December 2020 and the potential employer always asks what happened. When Necaise explains that he was fired for reporting and refusing to participate in illegality it appears that they deem it implausible that the State of Mississippi itself would violate its own public policy for reporting and refusing to participate in illegality. In any event, no job offer has been forthcoming to Necaise's increasing upset, dismay and depression. Also, not to be discounted is the fact that Necaise was fired by MDOR at Christmas time in 2020, during the ongoing global pandemic and accompanying economic downturn. In fact, to this point, the MDOR attorneys went back to working remotely due to the pandemic as Necaise was being fired. It must be remembered that the pandemic has still not abated to the point that the economy has returned to pre-pandemic normal; this makes the obtaining of certain employment tied to positive economic factors, such as a tax attorney, more difficult to obtain. In short, someone whose business is closed does not have much need for a tax attorney, and such reduced clientele means law firms have less need for new attorneys.

Further, there is the possibility of a double statutory damage award as noted. Additionally, there is a possibility of punitive damages against some MDOR employees

Page **14** of **19**

personally grounded upon gross negligence or the presence of malice. There is also the possibility of punitive damages against MDOR itself based on gross negligence, the apparent express legislative waiver of sovereign immunity on a portion of the foregoing claims, as well as the fact that sovereign immunity may be pierced/disregarded when Constitutional violations are involved. With the foregoing caveat we offer the following outline of damages to the extent known/expected at this point, and we reserve the right to supplement to the extent that same may be required. Also, the foregoing is intended to comply with statutory notice requirements ONLY and should not be construed as entailing every possible theory of recovery/cause of action that may/will be utilized against any one or more defendants arising out of/related to Necaise's termination, whether individually or otherwise.

1) Lost wages of approximately $65,000 per year (the exact dollar amount being available to the MDOR) which sums are continuing to accrue;

2) Statutory damages doubling the amount of item (1) above;

3) Lost benefits including the fact that since December 2020 Necaise pays/paid $400.00 per month more for medical coverage under MDOR COBRA than he did as an employee;

4)  Lost dental coverage as a result of his firing and his dental expenses currently totaling $500.00 since continuation of dental coverage was not offered to Necaise under COBRA;

5)  Necaise's Bar dues and CLE requirements were likewise met by the MDOR which amounts paid by Necaise total $1,195.00 since his termination;

6)  Contract rental damages incurred based upon MDOR's sudden, unjustified, unlawful termination in violation of Mississippi Public Policy totaling ($1,181.34 January, $1,113.95 February, $1,236.76 March);

7)  Tax penalties for the early withdrawal of funds from his retirement, which sums are needed for the payment of his continuing expenses, said penalties being estimated to be approximately $1,250.00 for tax year 2021;

8)  Costs of job searches through LinkedIn amounting to $32.09 per month;

9)  Compensatory damages for pain and suffering/mental anguish, loss of reputation, and loss of constitutional and liberty rights stemming from Necaise's wrongful termination and resulting inability to locate employment because of his wrongful termination, his lack of job references from his time at MDOR through no fault of his own, his realization that he appears to be unmarketable for other employment because his true story regarding the illegality at MDOR seems implausible to employers; also despair and depression over his mounting expenses which he has

no ability to indefinitely pay as his funds continue to dwindle, his concerns that all of the money and years he spent on law school, bar exams and becoming a practicing tax attorney have been effectively ended through the illegality at MDOR, and other such factors to be proven at trial, but for the purposes hereof is estimated at this point to total $250,000.00, which amount will ultimately be determined by the fact finder;

10) Punitive damages against individuals and MDOR to the extent authorized by law, with any such amounts to be awarded being set by the fact finder/statutory formulae and not Necaise; and

11) Attorney's fees of forty percent (40%), and all reasonable costs, including court costs, the net effect of which would only leave Necaise compensated for below sixty percent (60%) of his compensatory damages awarded.

## ADDRESS

During the time of the foregoing events Necaise's address was 350 Byram Drive, Byram, MS and his current address is P. O. Box 6266, 6817 Hilo Street, Diamondhead, MS 39525 but he should be contacted via legal counsel, Ben Bowden, P.A., 8927 Lorraine Road, Suite 204-B, Gulfport, MS 39503.

*RESPECTFULLY SUBMITTED,* this the 29th of November, 2021.

Benjamin U. Bowden, MS Bar 3733
BEN BOWDEN, PC
BridgeWater Commons Suite 204-B
8927 Lorraine Road
Gulfport, Mississippi 39503
Telephone:    (228) 896-5652
Facsimile:    (228) 896-5689
Email - Bowden@BenBowdenLaw.com
*Attorney for Chris Necaise*

## SERVICE

I attest that I have hand delivered a copy of the foregoing MTCA Notice to the Governor of the State of Mississippi at _____ o'clock ___M. on this _____ day of _____ _____, 2021.

_____

SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 2021.

My Commission Expires:          _____
                                              Notary Public


I attest that I have hand delivered a copy of the foregoing MTCA Notice to the Commissioner of the Mississippi Department of Revenue at _____ o'clock ___M. on this _____ day of _____, 2021.

_____

SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 2021.

My Commission Expires:          _____
                                              Notary Public

I attest that I have hand delivered a copy of the foregoing MTCA Notice to the Attorney General of Mississippi at _____ o'clock ___M. on this _____ day of _____, 2021.

_____

SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 2021.

My Commission Expires:          _____
                                              Notary Public

**From:** Chris Necaise<Chris.Necaise@dor.ms.gov> on behalf of Chris Necaise
**Sent on:** Tuesday, November 24, 2020 4:03:24 PM
**To:**    Legal Department<LegalDepartment@dor.ms.gov>
**Subject:** FW: Re Confidentiality of ABC Applications

Hello All,
In our meeting today Ashley asked that we email around our ideas. To facilitate this I'm offering Ashley's and my email conversation up till now. If you have thoughts or ideas regarding this, I would be happy to bounce ideas back and forth.
Thanks,
Chris

**From:** Chris Necaise
**Sent:** Tuesday, November 24, 2020 8:53 AM
**To:** Ashley May <Ashley.May@dor.ms.gov>; David Caldwell <David.Caldwell@dor.ms.gov>
**Subject:** RE:

Ashley,

As always, I appreciate your prompt responses to my emailed concerns. However, I do not believe that your reliance upon the Public Records Act, the ABC disclosure statute that you cited (67-1-55), nor a review of the legislative history will support or allow for the disclosure of the sought after ABC applications. As has been established, the statute which generally controls the confidentiality of ABC permit applications is Miss. Code § 27-3-73. Unless there is an exception that will allow for disclosure of information on the ABC application, the information must remain undisclosed by the MDOR per the statute.

You cited Miss. Code § 67-1-55, which requires an applicant to make a sworn statement disclosing (1) the names of "persons who are financially involved in the operation of the business for which the permit is sought"; (2) the address of the shareholders, partners, or beneficiaries and trustee, as the case may be; and (3) the ownership interest had (if a corporation the number of shares of the corporation and the amount owned by each shareholder; if a partnership the percentage ownership of the partners; if a trust the percentage ownership interest in the trust). The statute goes on to say that these (3) disclosures (names, addresses, ownership interest) required to be made on this sworn statement are to be kept on file and made available to the public. While technically in conflict with one another, Miss Code §§ 27-3-73 and 67-1-55 can easily be read together for both to be given effect. Miss. Code § 67-1-55 is narrowly tailored and limits, the applicant's sworn disclosure statement to no more than three (3) items (names, addresses, and percentage of ownership); it in no way requires the disclosure of financial information nor any other information. Indeed, the fact that the statute is limited to no more than names, address, and percentages of ownership interests (and not other information, financial or otherwise) is made clear not only in the statutory language, but the statutory title itself: " *Applicants...must disclose persons financially interested....*" Because the statute only requires names, addresses, and percentage ownership interests to be disclosed, and the statute requires the information that is disclosed per this statute to be made available to the public, only then are the names, addresses, and percentage ownership interests disclosable by the Department. As an aside, the fact that only these three items may be released is in harmony with the preceding statute (67-1-53) outlining the applicant's publication requirement, which provides that the required publication shall include "the type of permit...applied for, the...location...of the place of business, **the name of the owner or owners**...and if operating under an assumed name, the trade name together with the **names of all owners, and if a corporation, the names and titles of all officers...**" Again, there is no provision for disclosing financial information there either. Because the applications for ABC permits themselves request information, which far exceed the scope of the allowed disclosure of Miss. Code § 61-1-55 (e.g. TINS, social security numbers, sales tax numbers, past interests in businesses, financial statements, fingerprint cards, etc...) the applications as is are not disclosable without near complete redaction.

As to your query regarding legislative history, it is further instructive of the statute's purpose of providing protections broadly to the information reported to the Department, and for the Department not to disclose it. Miss. Code § 27-3-73 (the general "any taxes" statute) which protects taxpayer information (with a $1000 fine/imprisonment) was enacted in 197[...] [...]eamble: "An act to prohibit the state tax Commission from disclosing any tax r[...] [...]on except the State Attorney General or internal Revenue Service." Similarly, 2[...] [...]ntiality of income tax information), 27-13-57

EXHIBIT
"B"

(mandating confidentiality of corporate franchise tax information) and 27-55-31 (mandating confidentiality of sales tax information) were all amended/enacted by 1975 chapter 516 as a common legislative plan (mandating disclosure only by court order or statute and not subpoena or subpoena duces tecum). Also instructive is 27-3-77 which states "Records in the possession of a public body...which would disclose information about a **person's individual tax payment or status**...shall be exempt from the provisions of the...Public Records Act." This was enacted as 1983 Laws, Chapter 424, being Section 14 of the 1983 Public Records Act itself. Far from repealing 27-3-73, neighboring M.C.A. 27-3-77 generally accords with it; tellingly 27-3-73 was not even amended until years later (and never repealed) which reaffirms the intent to keep it as part of the legislative record-confidentiality scheme.

Although the 67-1-55 sworn disclosure is made a public record, it does not adopt by reference the ABC Application or any other form which mandates detailed financial information (bank account information, etc.). There is precedent for the proposition that even where disclosure of some part of a record is authorized, that does not permit disclosure of other related portions. Also, even though Social Security numbers are required on forms (93-11-64) there is precedent for the proposition that such Social Security numbers are to be redacted off of the form before making them public. (AG Op. 03-0555). The clear theme throughout the statutory scheme is that protected information is not to be divulged unless specifically authorized and even where there is an authorization that disclosure is to be narrowly tailored to only what is legally appropriate.

Interestingly, Miss. Code § 25-61-9, which was enacted as Section 5 of the Public Records Act (1983 Laws, Chapter 424), seemingly creates a dichotomy wherein "[R]ecords furnished to public bodies by third parties which contain...**confidential commercial or financial information** shall not be subject to inspection, examination, copying or reproduction under this chapter until notice to third parties has been given...but the records shall be released no later than twenty-one (21)days...unless the third parties have filed...seeking a protective order..." Clearly, unlike 27-3-77 which provides that the records involving "information about a person's individual tax payment or status...shall be exempt from the provisions of the...Public Records Act", period, any records covered by 25-61-9 are within the scope of the Public Records Act but cannot be disclosed without taxpayer notification and an opportunity for the issuance of a protective order. Since there is a provision for taxpayer notice and opportunity to obtain a protective order before disclosure, MDOR simply receiving/complying with a subpoena duces tecum would fly in the face of these statutory protections as well.

In summary, those public records covered by 27-3-77 and related statutes are not subject to release under the Public Records Law but require a statutory provision or appropriate court order; a subpoena duces tecum is insufficient. Those records covered by 25-61-9 are covered by the Public Records Law but cannot be provided without first notifying the taxpayer and providing the opportunity for a protective order. Since there is a provision for taxpayer notification and opportunity to obtain a protective order before disclosure, MDOR simply receiving/complying with a subpoena duces tecum would fly in the face of these statutory protections as well. Therefore, information cannot simply be provided upon receipt of a subpoena. As to 67-1-55 it does not allow for disclosure of the type of financial and other information that is being discussed but, in effect, only involves ownership interest.

Thanks,
Chris

**From:** Chris Necaise
**Sent:** Monday, November 23, 2020 1:13 PM
**To:** Ashley May <Ashley.May@dor.ms.gov>; David Caldwell <David.Caldwell@dor.ms.gov>
**Subject:** RE:
Ashley,
I am still working on gathering the information you requested on your first email. Also, I have received your below citation, thank you for it, if you have any more authority please send it. This citation, however, does not resolve the issue regarding the disclosure of the application. I will provide you with the information you requested and my analysis when I have it completed.
Thanks,
Chris

**From:** Ashley May <Ashley.May@dor.ms.gov>
**Sent:** Monday, November 23, 2020 11:04 AM
**To:** Chris Necaise <Chris.Necaise@dor.ms.gov>; David Caldwell <David.Caldwell@dor.ms.gov>

**Subject:**

Please see the language in 67-1-55 below. It appears both the permit and the application are statutorily required to be made available to the public. After reviewing the application, if you think that any of the specific information in the application would fall under 25-61-9, let's discuss.

**67-1-55**

No permit of any type shall be issued by the commission until the applicant has first filed with the commission a sworn statement disclosing all persons who are financially involved in the operation of the business for which the permit is sought. If an applicant is an individual, he will swear that he owns one hundred percent (100%) of the business for which he is seeking a permit. If the applicant is a partnership, all partners and their addresses shall be disclosed and the extent of their interest in the partnership shall be disclosed. If the applicant is a corporation, the total stock in the corporation shall be disclosed and each shareholder and his address and the amount of stock in the corporation owned by him shall be disclosed. If the applicant is a limited liability company, each member and their addresses shall be disclosed and the extent of their interest in the limited liability company shall be disclosed. If the applicant is a trust, the trustee and all beneficiaries and their addresses shall be disclosed. If the applicant is a combination of any of the above, all information required to be disclosed above shall be required.

**All the disclosures shall be in writing and kept on file at the commission's office and shall be available to the public.**

Every applicant must, when applying for a renewal of his permit, disclose any change in the ownership of the business or any change in the beneficiaries of the income from the business. Any person who willfully fails to fully disclose the information required by this section, or who gives false information, shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined a sum not to exceed Five Hundred Dollars ($500.00) or imprisoned for not more than one (1) year, or both, and the person or applicant shall never again be eligible for any permit pertaining to alcoholic beverages.

**From:** Chris Necaise <Chris.Necaise@dor.ms.gov>
**Sent:** Monday, November 23, 2020 8:02 AM
**To:** Ashley May <Ashley.May@dor.ms.gov>; David Caldwell <David.Caldwell@dor.ms.gov>
**Subject:** RE ▮▮▮▮▮▮ Redacted ▮▮▮▮▮▮

Ashley,

Thank you for getting back to me: I am responding to you as promised. I am sure that I don't need to say this but my previous email and this response are not meant to be anything other than collegial and out of concern for the Commissioner and employees of the DOR (including myself) given the hefty criminal penalty (fines and imprisonment) imposed by Miss. Code § 27-3-73. Since we seem to be having a communication problem/difference of opinion. I will try a different tack by briefly offering legal arguments that would likely be asserted alleging the improper release of information.

(To recap the facts, the subpoena sought roughly all taxpayer information, including sales tax permits, ABC permits and related information, including applications/returns, etc. Its scope was subsequently narrowed to only the applications for the ABC permits as stated in my previous email. In your response email, you indicated that the sales tax information was privileged but not the ABC documentation.)

Should the issue regarding the release of confidential ABC permits and applications arise, hypothetical Legal Counsel's argument would assert and likely follow as such:

1. Pursuant to Miss. Code § 27-3-73(1) "Except in accordance with proper judicial order or as otherwise provided in this section or...Section 27-4-3, **it shall be unlawful** for the Commissioner of Revenue, or any deputy, agent, clerk or other officer or employee of the Department of Revenue, **to divulge or make known in any manner the amount of income or <u>any particulars</u>** set forth or **disclosed in any report** or return required on any taxes collected by reports received by the Department of Revenue.

**This provision relates to all taxes collected by the Department of Revenue.**" The statute itself allows for disclosure to the BTA by its inclusion of Miss. Code § 27-4-3 but this does not authorize any general disclosure by the Commissioner or other MDOR employees who are still bound by the protections within Miss. Code § 27-3-73.

2. Applicants for ABC permits must report financial and other information to the MDOR on the ABC permit application form and required attachments, including a summary financial statement (Form 2007) which requires, *inter alia,* the reporting of bank names and account numbers for all checking, savings and loan accounts, dollar amounts of deposits along with cash on hand, as well as the tax identification number and social security numbers. Certainly, these are the kind of "particulars" contemplated by the statute since they involve otherwise confidential financial matters and are *sui generis* with "income" information. Also, if this magnitude of information were disclosable, it would make a mockery and nullity of the taxpayer statutory protections envisioned.

3. A privilege tax is collected by the MDOR for the issuance of an ABC permit based upon the information reported on the ABC application. The tax amount to be paid varies based upon factors and documentation reported by the taxpayer and, therefore, this is the type of envisioned report made and required by MDOR for the purpose of ascertaining/facilitating the "taxes collected" by it. Such privilege taxes clearly fall within "all taxes" covered by the statute.

4. To address the Department's first argument, although BTA hearings on the granting or denial of ABC permits as well as certain other matters are open to the public pursuant to its Rule 3.4, that is not the same as providing bank names and account numbers, balances, tax identification numbers, etc. by disseminating copies of the documentation to anyone in the general public who so requests. As noted, the BTA is provided a *specific* statutory exception under Miss. Code § 27-3-73 for the purpose of BTA hearings, but this in no way authorizes any other disclosure by MDOR employees to people without a court order or specific statutory provision. By analogy, even though a taxpayer is free to disclose his own tax information, such does not authorize the Commissioner and MDOR employees to do so without specific authority. Whatever authority to disclose such information another person/entity may or may not have is irrelevant to the question of the MDOR's authority, which is specifically set out in the confidentiality statutes, which are controlling.

5. The statues at issue can be characterized as remedial statutes. A remedial statute is one that provides a remedy to a person injured by a wrongful act and intends to correct defects in the common law. *State v. Warren,* 180 So.2d 293 (Miss. 1965). A remedial statute is entitled to liberal construction in favor of the aggrieved party. *Southern Package Corp. v. Walton,* 11 So.2d 912 (Miss. 1943). Furthermore, MDOR is estopped to deny the remedial nature of the confidentiality statutory scheme because it has already acknowledged this broad interpretation through the fact that it holds that sales tax permits are non-disclosable even though the sales tax confidentiality statute, Miss. Code § 27-65-81, (a sister statute to 27-3-73) does not specifically include "permits" in the list of documents that are non-disclosable. Additionally, the necessity to interpret these confidentiality statutes broadly is in keeping with the legislative policy purpose for such statutes, which is to encourage full and honest reporting by guaranteeing such information will be kept in confidence by the taxing authority.

6. Just as 27-65-81 has been given a broad reading, its sister statute Miss. Code § 27-3-73, is likewise remedial and its "any particulars" verbiage is entitled to be broadly construed against MDOR employees in favor of the aggrieved party as well. Even if this were not the case, since the statute specifically targets abuses by MDOR employees and provides that information may only be divulged pursuant to court order or statute, any MDOR regulation attempting to negate or dilute the statutory protections is void, and any purported interpretation attempting to limit its broad scope is not entitled to any deference.

7. Given these statutes' clear remedial nature, the "any particulars" language in 27-3-73 necessarily includes protected information located on applications just as is the case with sales tax permits. The proper statutory focus is on preventing the protected information from being disclosed regardless of any title that may be applied to a particular document which contains such information. Even if MDOR does have any interpretive authority (again, which is doubtful since it is the target of the abuse and the statute limits exceptions to court orders and statutes) it would be arbitrary and capricious for MDOR to

attempt to read Miss. Code § 27-3-73 in any manner other than broadly because of its broad reading of Miss. Code § 27-65-81, which has been interpreted by the Department to extend this protection to sales tax permits.

8. The furnishing without proper judicial order of bank names with account numbers, TINs, dollar amount on deposit, etc. by employees of MDOR clearly violates the disclosure prohibition of the statute since this information is just as, if not more sensitive than income information. When such an unauthorized disclosure occurs, the statutory penalties "shall" be imposed. If this is not the kind of important information the statute intends to protect from disclosure, it is hard to see what would be protected, and such a nonsensical restrictive reading would gut the statutory protective scheme.

Although you indicated that my concerns/ideas were "ridiculous" in our conversation that followed your email response, I must respectfully disagree. I can easily see, for example, an aggrieved legislator/lawyer (because his brother's information was improperly disclosed), make such arguments in his quest for a pound of flesh/vengeance. I submit that at a minimum the foregoing are reasonable legal arguments (and are most likely prevailing ones). Also, I observe that when comparing the potential downside of improper disclosure ($1,000 fine and imprisonment without the right to a jury trial) with simply telling a subpoenaing attorney to get a court order, the latter seems to be the much safer position for the Commissioner and MDOR employees. Since the potential downside is, at a bare minimum, a realistic possibility, it therefore, triggers obligations under the Mississippi Rules of Professional Conduct (M.R.P.C.).

In our conversation following your response email, you indicated that apparently 'I cannot do my job,' however, my/our job is to protect the Commissioner, the MDOR and its operations/employees and that is exactly what I am doing. With regard to our specific ethical obligations, a lawyer must explain matters so that a client can make informed decisions, as I have done. (M.R.P.C. 1.4). This is especially true when there are greater potential pitfalls for the client if he chooses one path over another. Since no attorney can ethically give a client a one hundred percent (100%) assurance on one outcome over another, he/she must explain to the client the potential pitfalls involved with each course of action. Because of the organizational structure as well as the fact that the Commissioner is directly implicated along with every other MDOR employee, the Commissioner must be made fully aware of the potential consequences of one course of action vis-à-vis disclosure over the other path. (M.R.P.C. 1.13).

Regardless of the general rule of advising a client on matters, the rules are different when it involves a question of illegality versus conformity with law. A lawyer cannot engage in, counsel or assist a client with any conduct that the lawyer knows is illegal. (M.R.P.C. 1.2). In other words, if upon being apprised a client insists upon acting illegally the lawyer cannot participate in the illegality although he/she is not otherwise prevented from representing the client. Of course, a supervising attorney cannot order another attorney to violate the law or Rules. M.R.P.C. 5.1(c). Additionally, a lawyer must act with reasonable diligence and promptness in representing the client, especially when there is a potential legal pitfall involved and, therefore, such a matter should not be delayed. M.R.P.C. 1.3. It is my sincere and earnest belief based upon the plain language of Miss. Code § 27-3-73 that the release of this information is illegal. It is evident that at a minimum the release of these ABC applications is unlawful, which the below email from the subpoena has now been narrowed to by the requestor. (However, while not directly in issue anymore, the fact that the Department considers sales tax permits to be confidential, should necessitate that the same protection is given to ABC permits. To attempt to draw a distinction is arbitrary and capricious.) You questioned my ability to do my job more than once by my refusal to release this information, and while I'm sure this was not offered out of mean spiritedness, I submit here again, I am doing my job and am upholding my responsibilities to the client and profession to the letter.

Thanks,

Chris

P.S.

You had mentioned in your email that in our first conversation I did not ask you about ABC permits. This is correct and what I roughly asked was, 'isn't it correct that permits are not allowed to be released to the public.' You followed up with another question by asking 'if I meant ABC permits or if I meant sales tax permits?' From my recollection of the subpoena I responded by saying that 'I was talking about sales tax permits.' You then said in effect that 'I was right, that sale tax permits could not be released and were confidential.' After our

conversation though. I went back and looked at the subpoena and saw that the requestor was asking for ABC permits and applications as well as sales tax permits and other taxpayer information. Given your follow up question to my first question, I began to wonder if the Department drew a distinction between sales tax permits and ABC permits. I then called David, since he is our ABC attorney, in a very impromptu and off-the-cuff way, as I did with you, and asked him if ABC permits were considered confidential. He said roughly that 'we have interpreted them to not be confidential.' I then started to look up what authority would clearly support this assertion that ABC documents were not entitled to confidentiality.

You indicated that my block quote was a misstatement in my first email, and you were correct; this was an error. Again, I'm sorry for my previous misstatement. With that corrected, however, I stand by everything that I stated in my first email and the foregoing.

Lastly, I am reminded that there was only one other time that I had to refuse to follow an order from you; it likewise involved the release of taxpayer information. In that previous circumstance, ultimately, we agreed that such release was improper.

**From:** Ashley May <Ashley.May@dor.ms.gov>
**Sent:** Friday, November 20, 2020 12:19 PM
**To:** Chris Necaise <Chris.Necaise@dor.ms.gov>; David Caldwell <David.Caldwell@dor.ms.gov>
**Subject:** RE: ▓▓▓▓▓▓ Redacted ▓▓▓▓▓▓

Chris,

I appreciate your thorough explanation of your position but I do not agree with you on the ABC permits. ABC permits have nothing to do with the amount of income or any particulars set forth or disclosed in any report or return required on any taxes collected by reports received by the DOR. I am not familiar enough with the ABC permit application to make the same statement.

When we spoke, you asked me about sales tax permits, not ABC permits. The confidentiality section for sales tax reads differently than the general one you quoted (which doesn't seem to be an accurate quote – applications is not mentioned in my code book – maybe I am missing an update?) 27-65-81 states that it is unlawful to make known an application – 27-3-73 does not.

Furthermore, ABC hearings (at BTA) are open to the public.

From the BTA Rules:

Rule 3.4 Meetings and Hearings; Frequency, Location and Exemption from the Mississippi Open Meetings Act A. The Board shall meet at least one (1) day a month.

The date, time and location of the meetings of the Board shall be set by the Board. B. Once a meeting of the Board is called to order, the Board shall be considered to be in continuous session from day to day until the meeting is formally adjourned on motion and majority vote of the members present. C. That portion of any meeting or hearing of the Board held in regard to an administrative appeal filed under Miss. Code Ann. § 27-77-5, § 27-77-9, § 27-77-11 or § 27-77-12, which are appeals from orders of the Review Board and from orders of administrative hearing officers, shall be closed to the public and is exempt from the requirements of the Mississippi Open Meetings Law, Miss. Code Ann. § 25-41-1 et seq. **That portion of any meeting or hearing of the Board regarding all other administrative appeals, including, but not limited to, appeals under Miss. Code Ann. § 67-1-72 regarding ABC matters,** appeals regarding the denial of an objection by a Board of Supervisors to the Department's rejection of an homestead exemption application under Miss. Code Ann. § 27-33-41, appeals regarding ad valorem assessments under Miss. Code Ann. § 27-35-309, § 27-35-311, § 27-35-325, § 27-35-517 or § 27-35-703 and appeals by a county from the decision of the Department in regard to its examination of recapitulations of the ad valorem rolls of that county under Miss. Code Ann. § 27-35-113, **shall be open to the public and subject to the requirements of the Mississippi Open Meetings Law, Miss. Code Ann. § 25-41-1 et seq.** When an administrative appeal filed under Miss. Code Ann. § 27-77-5, § 27-77- 9, § 27-77-11 or § 27-77-12 is to be heard or discussed, the presiding board member may order the removal of any person not directly involved in the administrative appeal being heard or who is not necessary for the Board's deliberation on such an appeal.

Also, ABC permits are expressly excluded from the definition of "permit" under MDOR's admin rules:

"Permit" means a type of license or permit that the Agency is authorized to issue, suspend or revoke, such as a sales tax permit, a beer permit, a tobacco permit, a dealer license, or designated agent status, but does not include: (i) any type of permit issued under the Local Option Alcoholic Beverage Control Law, Miss. Code Ann. Section 67-1-1, et seq. or under the Mississippi Native Wine Law of 1976, Miss. Code Ann. Section 67-5-1, et seq.; (ii) an IFTA license; or (iii) an IRP registration, including the IRP credential issued as a result of IRP registration.

35 Code Miss. R. Pt. I, R. 1.01

Based on all of this, I do not believe it is a reasonable interpretation that ABC permits would not be subject to the subpoena. If you want to discuss the ABC application, I am happy to do so though. I would just need more information. Historical treatment should be easy to find on that as well.

Thanks,

Ashley

**From:** Chris Necaise <Chris.Necaise@dor.ms.gov>                                                                    Ch
**Sent:** Friday, November 20, 2020 11:31 AM
**To:** Ashley May <Ashley.May@dor.ms.gov>; David Caldwell <David.Caldwell@dor.ms.gov>                    Ashley,
**Subject:** FW: ▮▮▮▮▮▮▮▮▮ Redacted ▮▮▮

Hi Ashley and David,

This email may be unnecessary, but considering my quick, impromptu conversations with the two of you yesterday regarding confidentiality, I felt that I should run this by you to clarify our position regarding confidentiality of taxpayer information. As I passingly mentioned yesterday, we received the attached subpoena seeking various taxpayer information. This subpoena among other things, included a request for ABC information, see attached. I sent out a letter informing the requester that the information that was sought was privileged, and unless a clear exception to the general rule prohibiting release of taxpayer information was presented, we would be unable to release the requested taxpayer information. In my conversation with the requester, she said that she would send me an email narrowing what the subpoena sought and possibly an exception to allow release, see below email. What requestor now requests are the taxpayer's applications for the relevant ABC permits, which I believe cannot be released per Miss. Code § 27-3-73. I wanted to run this matter by the two of you because after my quick phone conversation with you two yesterday, I felt a concern that you and I might possibly differ on the confidentiality status of ABC applications and permits. If I am preaching to the choir and you do think the requested information is privileged feel free to skip the following two paragraphs, which is my reasoning as to why this information requested in the subpoena is privileged and cannot be released.

The statute that governs the confidentiality of these ABC permit applications (liquor, beer, etc.) is Miss. Code § 27-3-73 that in relevant part says,

> [I]t shall be unlawful for the Commissioner of Revenue or any deputy, agent, clerk, or other officer or employee of the Department of Revenue ...to divulge or make known in any manner the amount of income or any particulars set forth or disclosed on any application, report or return imposed on taxes collected by reports received by the Department of Revenue. This provision relates to all taxes collected by the Department of Revenue....

This broad language indicates that any information contained on any taxpayer provided return or report that the Department uses to collect any taxes is privileged under the statute and cannot be released. The applications used to apply for permits are therefore not releasable, at least in part, because they are records used by the Department of Revenue (Department) to collect privilege taxes from the applicants, as evidenced throughout the relevant ABC application forms, which an applicant must report to the Department and by the following statutes imposing the said privilege taxes on the applicants: Miss. Code §§ 27-71-301; 27-71-303. Clearly, "any particulars found" on these applications used to collect the said privilege taxes are therefore confidential/privileged pursuant to this general confidentiality statute. Therefore, all information found on these applications would be privileged per that statute and not subject to release without consent of the taxpayer/applicant to whom it belongs or proper judicial order.

In sum, I did want to run this by the two of you and see what your position on this was. As I have stated here, I believe that this information is not subject to release and would advise against release. At best, it might be said that one could construe that said permits and applications are not privileged, which, in light of Miss. Code § 27-3-73(7), is not good enough given the potential criminal penalty one would face, if one were wrong. Additionally, given the new Commissioner's heightened concern for protecting taxpayer information, disallowance of release is likewise further warranted. Like I said, I might be preaching to the choir, however, if I am not, I will not release this information, but will not oppose anyone who knowingly is willing to take the risk.

Please let me know your thoughts and position on this.

Thanks,

Chris

**From:** Adrian Mills <adrian@blfmail.com>

**Sent:** Thursday, November 19, 2020 3:42 PM
**To:** Chris Necaise <Chris.Necaise@dor.ms.gov>
**Subject:** ███████ Redacted ███████
THIS EMAIL IS FROM AN EXTERNAL SENDER.

DO NOT click links, open attachments, or provide any information if the sender is unknown or the email is unexpected.

Per our conversation, in relation to the subpoena served in the above matter, I am not wanting a copy of any tax returns. Just the application for the permit. If for some reason I need more, I can file a motion with the Court if necessary.
Thank you



This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message

| | |
|---|---|
| **From:** | Bridgette Thomas<Bridgette.Thomas@dor.ms.gov> on behalf of Bridgette Thomas |
| **Sent on:** | Tuesday, November 24, 2020 4:16:42 PM |
| **To:** | Chris Necaise<Chris.Necaise@dor.ms.gov>; Legal Department<LegalDepartment@dor.ms.gov> |
| **Subject:** | RE: Re Confidentiality of ABC Applications |
| **Attachments:** | Redacted |

I just looked at the subpoena. I think we are making a mountain out of a molehill. The subpoena request records for the Defendant in the case. Therefore he has notice of the subpoena and has not objected to the subpoena. Additionally, you can pick up the phone and speak with the Defendant's attorney. If they are not filing an objection, we are producing.

**From:** Chris Necaise <Chris.Necaise@dor.ms.gov>
**Sent:** Tuesday, November 24, 2020 10:03 AM
**To:** Legal Department <LegalDepartment@dor.ms.gov>
**Subject:** FW: Re Confidentiality of ABC Applications

Hello All,
In our meeting today Ashley asked that we email around our ideas. To facilitate this I'm offering Ashley's and my email conversation up till now. If you have thoughts or ideas regarding this, I would be happy to bounce ideas back and forth.
Thanks,
Chris

**From:** Chris Necaise
**Sent:** Tuesday, November 24, 2020 8:53 AM
**To:** Ashley May <Ashley.May@dor.ms.gov>; David Caldwell <David.Caldwell@dor.ms.gov>
**Subject:** RE:

Ashley,

As always, I appreciate your prompt responses to my emailed concerns. However, I do not believe that your reliance upon the Public Records Act, the ABC disclosure statute that you cited (67-1-55), nor a review of the legislative history will support or allow for the disclosure of the sought after ABC applications. As has been established, the statute which generally controls the confidentiality of ABC permit applications is Miss. Code § 27-3-73. Unless there is an exception that will allow for disclosure of information on the ABC application, the information must remain undisclosed by the MDOR per the statute.

You cited Miss. Code § 67-1-55, which requires an applicant to make a sworn statement disclosing (1) the names of "persons who are financially involved in the operation of the business for which the permit is sought"; (2) the address of the shareholders, partners, or beneficiaries and trustee, as the case may be; and (3) the ownership interest had (if a corporation the number of shares of the corporation and the amount owned by each shareholder; if a partnership the percentage ownership of the partners; if a trust the percentage ownership interest in the trust). The statute goes on to say that these (3) disclosures (names, addresses, ownership interest) required to be made on this sworn statement are to be kept on file and made available to the public. While technically in conflict with one another, Miss Code §§ 27-3-73 and 67-1-55 can easily be read together for both to be given effect. Miss. Code § 67-1-55 is narrowly tailored and limits the applicant's sworn disclosure statement to no more than three (3) items (names, addresses, and percentage of ownership); it in no way requires the disclosure of financial information nor any other information. Indeed, the fact that the statute is limited to no more than names, address, and percentages of ownership interests (and not other information, financial or otherwise) is made clear not only in the statutory language, but the statutory title itself: "*Applicants...must disclose persons financially interested....*" Because the statute only requires names, addresses, and percentage ownership interests to be disclosed, and the statute requires the information that is disclosed per **this** statute to be made available to the pub[lic]... [na]mes, addresses, and percentage ownership interests disclosable by the Department. A[...] [on]ly these three items may be released is in harmony with the preceding statute (67-1-[...] [statu]te's publication requirement, which provides that the required publication shall include [...] [appli]ed for, the...location...of the place of business, **the name of the owner or own[er...]** [...]r an assumed name, the trade name together

EXHIBIT
"C"

themselves request information which far exceeds the scope of the allowed disclosure of Miss. Code § 61-1-55 (e.g. TINS, social security numbers, sales tax numbers, past interests in businesses, financial statements, fingerprint cards, etc...) the applications as is are not disclosable without near complete redaction.

As to your query regarding legislative history, it is further instructive of the statute's purpose of providing protections broadly to the information reported to the Department, and for the Department not to disclose it. Miss. Code § 27-3-73 (the general "any taxes" statute) which protects taxpayer information (with a $1000 fine/imprisonment) was enacted in 1975 as chapter 516 with the preamble: "An act to prohibit the state tax Commission from disclosing any tax returns or records to any person except the State Attorney General or internal Revenue Service." Similarly, 27-7-83 (mandating confidentiality of income tax information), 27-13-57 (mandating confidentiality of corporate franchise tax information) and 27-65-81 (mandating confidentiality of sales tax information) were all amended/enacted by 1975 chapter 516 as a common legislative plan (mandating disclosure only by court order or statute and not subpoena or subpoena duces tecum). Also instructive is 27-3-77 which states "Records in the possession of a public body...which would disclose information about a **person's individual tax payment or status**...shall be exempt from the provisions of the...Public Records Act." This was enacted as 1983 Laws, Chapter 424, being Section 14 of the 1983 Public Records Act itself. Far from repealing 27-3-73, neighboring M.C.A. 27-3-77 generally accords with it; tellingly 27-3-73 was not even amended until years later (and never repealed) which reaffirms the intent to keep it as part of the legislative record-confidentiality scheme.

Although the 67-1-55 sworn disclosure is made a public record, it does not adopt by reference the ABC Application or any other form which mandates detailed financial information (bank account information, etc.). There is precedent for the proposition that even where disclosure of some part of a record is authorized, that does not permit disclosure of other related portions. Also, even though Social Security numbers are required on forms (93-11-64) there is precedent for the proposition that such Social Security numbers are to be redacted off of the form before making them public. (AG Op. 03-0555). The clear theme throughout the statutory scheme is that protected information is not to be divulged unless specifically authorized and even where there is an authorization that disclosure is to be narrowly tailored to only what is legally appropriate.

Interestingly, Miss. Code § 25-61-9, which was enacted as Section 5 of the Public Records Act (1983 Laws, Chapter 424), seemingly creates a dichotomy wherein "[R]ecords furnished to public bodies by third parties which contain...**confidential commercial or financial information** shall not be subject to inspection, examination, copying or reproduction under this chapter until notice to third parties has been given...but the records shall be released no later than twenty-one (21)days...unless the third parties have filed...seeking a protective order..." Clearly, unlike 27-3-77 which provides that the records involving "information about a person's individual tax payment or status...shall be exempt from the provisions of the...Public Records Act", period, any records covered by 25-61-9 are within the scope of the Public Records Act but cannot be disclosed without taxpayer notification and an opportunity for the issuance of a protective order. Since there is a provision for taxpayer notice and opportunity to obtain a protective order before disclosure, MDOR simply receiving/complying with a subpoena duces tecum would fly in the face of these statutory protections as well.

In summary, those public records covered by 27-3-77 and related statutes are not subject to release under the Public Records Law but require a statutory provision or appropriate court order; a subpoena duces tecum is insufficient. Those records covered by 25-61-9 are covered by the Public Records Law but cannot be provided without first notifying the taxpayer and providing the opportunity for a protective order. Since there is a provision for taxpayer notification and opportunity to obtain a protective order before disclosure, MDOR simply receiving/complying with a subpoena duces tecum would fly in the face of these statutory protections as well. Therefore, information cannot simply be provided upon receipt of a subpoena. As to 67-1-55 it does not allow for disclosure of the type of financial and other information that is being discussed but, in effect, only involves ownership interest.

Thanks,
Chris

**From:** Chris Necaise
**Sent:** Monday, November 23, 2020 1:13 PM

Case 3:22-cv-00213-LG-RPM    Document #: 2    Filed: 03/04/2022    Page 50 of 79

I am still working on gathering the information you requested on your first email. Also, I have received your below citation, thank you for it. if you have any more authority please send it. This citation, however, does not resolve the issue regarding the disclosure of the application. I will provide you with the information you requested and my analysis when I have it completed.

Thanks,

Chris

**From:** Ashley May <Ashley.May@dor.ms.gov>
**Sent:** Monday, November 23, 2020 11:04 AM
**To:** Chris Necaise <Chris.Necaise@dor.ms.gov>; David Caldwell <David.Caldwell@dor.ms.gov>
**Subject:**

Please see the language in 67-1-55 below. It appears both the permit and the application are statutorily required to be made available to the public. After reviewing the application, if you think that any of the specific information in the application would fall under 25-61-9, let's discuss.

67-1-55

No permit of any type shall be issued by the commission until the applicant has first filed with the commission a sworn statement disclosing all persons who are financially involved in the operation of the business for which the permit is sought. If an applicant is an individual, he will swear that he owns one hundred percent (100%) of the business for which he is seeking a permit. If the applicant is a partnership, all partners and their addresses shall be disclosed and the extent of their interest in the partnership shall be disclosed. If the applicant is a corporation, the total stock in the corporation shall be disclosed and each shareholder and his address and the amount of stock in the corporation owned by him shall be disclosed. If the applicant is a limited liability company, each member and their addresses shall be disclosed and the extent of their interest in the limited liability company shall be disclosed. If the applicant is a trust, the trustee and all beneficiaries and their addresses shall be disclosed. If the applicant is a combination of any of the above, all information required to be disclosed above shall be required.

All the disclosures shall be in writing and kept on file at the commission's office and shall be available to the public.

Every applicant must, when applying for a renewal of his permit, disclose any change in the ownership of the business or any change in the beneficiaries of the income from the business. Any person who willfully fails to fully disclose the information required by this section, or who gives false information, shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined a sum not to exceed Five Hundred Dollars ($500.00) or imprisoned for not more than one (1) year, or both, and the person or applicant shall never again be eligible for any permit pertaining to alcoholic beverages.

**From:** Chris Necaise <Chris.Necaise@dor.ms.gov>
**Sent:** Monday, November 23, 2020 8:02 AM
**To:** Ashley May <Ashley.May@dor.ms.gov>; David Caldwell <David.Caldwell@dor.ms.gov>
**Subject:** RE ▓▓▓▓▓▓▓▓▓ Redacted ▓▓▓▓▓▓▓▓▓

Ashley,

Thank you for getting back to me; I am responding to you as promised. I am sure that I don't need to say this but my previous email and this response are not meant to be anything other than collegial and out of concern for the Commissioner and employees of the DOR (including myself) given the hefty criminal penalty (fines and imprisonment) imposed by Miss. Code § 27-3-73. Since we seem to be having a communication problem/difference of opinion, I will try a different tack by briefly offering legal arguments that would likely be asserted alleging the improper release of information.

(To recap the facts, the subpoena sought roughly all taxpayer information, including sales tax permits. ABC

Should the issue regarding the release of confidential ABC permits and applications arise, hypothetical Legal Counsel's argument would assert and likely follow as such:

1. Pursuant to Miss. Code § 27-3-73(1) "Except in accordance with proper judicial order or as otherwise provided in this section or…Section 27-4-3, **it shall be unlawful** for the Commissioner of Revenue, or any deputy, agent, clerk or other officer or employee of the Department of Revenue, **to divulge or make known in any manner the amount of income or _any particulars_** set forth or **disclosed in any report** or return required on any taxes collected by reports received by the Department of Revenue. **This provision relates to _all_ taxes collected by the Department of Revenue.**" The statute itself allows for disclosure to the BTA by its inclusion of Miss. Code § 27-4-3 but this does not authorize any general disclosure by the Commissioner or other MDOR employees who are still bound by the protections within Miss. Code § 27-3-73.

2. Applicants for ABC permits must report financial and other information to the MDOR on the ABC permit application form and required attachments, including a summary financial statement (Form 2007) which requires, _inter alia_, the reporting of bank names and account numbers for all checking, savings and loan accounts, dollar amounts of deposits along with cash on hand, as well as the tax identification number and social security numbers. Certainly, these are the kind of "particulars" contemplated by the statute since they involve otherwise confidential financial matters and are _sui generis_ with "income" information. Also, if this magnitude of information were disclosable, it would make a mockery and nullity of the taxpayer statutory protections envisioned.

3. A privilege tax is collected by the MDOR for the issuance of an ABC permit based upon the information reported on the ABC application. The tax amount to be paid varies based upon factors and documentation reported by the taxpayer and, therefore, this is the type of envisioned report made and required by MDOR for the purpose of ascertaining/facilitating the "taxes collected" by it. Such privilege taxes clearly fall within "all taxes" covered by the statute.

4. To address the Department's first argument, although BTA hearings on the granting or denial of ABC permits as well as certain other matters are open to the public pursuant to its Rule 3.4, that is not the same as providing bank names and account numbers, balances, tax identification numbers, etc. by disseminating copies of the documentation to anyone in the general public who so requests. As noted, the BTA is provided a _specific_ statutory exception under Miss. Code § 27-3-73 for the purpose of BTA hearings, but this in no way authorizes any other disclosure by MDOR employees to people without a court order or specific statutory provision. By analogy, even though a taxpayer is free to disclose his own tax information, such does not authorize the Commissioner and MDOR employees to do so without specific authority. Whatever authority to disclose such information another person/entity may or may not have is irrelevant to the question of the MDOR's authority, which is specifically set out in the confidentiality statutes, which are controlling.

5. The statues at issue can be characterized as remedial statutes. A remedial statute is one that provides a remedy to a person injured by a wrongful act and intends to correct defects in the common law. _State v. Warren_, 180 So.2d 293 (Miss. 1965). A remedial statute is entitled to liberal construction in favor of the aggrieved party. _Southern Package Corp. v. Walton_, 11 So.2d 912 (Miss. 1943). Furthermore, MDOR is estopped to deny the remedial nature of the confidentiality statutory scheme because it has already acknowledged this broad interpretation through the fact that it holds that sales tax permits are non-disclosable even though the sales tax confidentiality statute, Miss. Code § 27-65-81, (a sister statute to 27-3-73) does not specifically include "permits" in the list of documents that are non-disclosable. Additionally, the necessity to interpret these confidentiality statutes broadly is in keeping with the legislative policy purpose for such statutes, which is to encourage full and honest reporting by guaranteeing such information will be kept in confidence by the taxing authority.

6. Just as 27-65-81 has been given a broad reading, its sister statute Miss. Code § 27-3-73, is likewise remedial and its "any particulars" verbiage is entitled to be broadly construed against MDOR

pursuant to Court order or statute, any MDOR regulation attempting to negate or dilute the statutory protections is void, and any purported interpretation attempting to limit its broad scope is not entitled to any deference.

7. Given these statutes' clear remedial nature, the "any particulars" language in 27-3-73 necessarily includes protected information located on applications just as is the case with sales tax permits. The proper statutory focus is on preventing the protected information from being disclosed regardless of any title that may be applied to a particular document which contains such information. Even if MDOR does have any interpretive authority (again, which is doubtful since it is the target of the abuse and the statute limits exceptions to court orders and statutes) it would be arbitrary and capricious for MDOR to attempt to read Miss. Code § 27-3-73 in any manner other than broadly because of its broad reading of Miss. Code § 27-65-81, which has been interpreted by the Department to extend this protection to sales tax permits.

8. The furnishing without proper judicial order of bank names with account numbers, TINs, dollar amount on deposit, etc. by employees of MDOR clearly violates the disclosure prohibition of the statute since this information is just as, if not more sensitive than income information. When such an unauthorized disclosure occurs, the statutory penalties "shall" be imposed. If this is not the kind of important information the statute intends to protect from disclosure, it is hard to see what would be protected, and such a nonsensical restrictive reading would gut the statutory protective scheme.

Although you indicated that my concerns/ideas were "ridiculous" in our conversation that followed your email response, I must respectfully disagree. I can easily see, for example, an aggrieved legislator/lawyer (because his brother's information was improperly disclosed), make such arguments in his quest for a pound of flesh/vengeance. I submit that at a minimum the foregoing are reasonable legal arguments (and are most likely prevailing ones). Also, I observe that when comparing the potential downside of improper disclosure ($1,000 fine and imprisonment without the right to a jury trial) with simply telling a subpoenaing attorney to get a court order, the latter seems to be the much safer position for the Commissioner and MDOR employees. Since the potential downside is, at a bare minimum, a realistic possibility, it therefore, triggers obligations under the Mississippi Rules of Professional Conduct (M.R.P.C.).

In our conversation following your response email, you indicated that apparently 'I cannot do my job,' however, my/our job is to protect the Commissioner, the MDOR and its operations/employees and that is exactly what I am doing. With regard to our specific ethical obligations, a lawyer must explain matters so that a client can make informed decisions, as I have done. (M.R.P.C. 1.4). This is especially true when there are greater potential pitfalls for the client if he chooses one path over another. Since no attorney can ethically give a client a one hundred percent (100%) assurance on one outcome over another, he/she must explain to the client the potential pitfalls involved with each course of action. Because of the organizational structure as well as the fact that the Commissioner is directly implicated along with every other MDOR employee, the Commissioner must be made fully aware of the potential consequences of one course of action vis-à-vis disclosure over the other path. (M.R.P.C. 1.13).

Regardless of the general rule of advising a client on matters, the rules are different when it involves a question of illegality versus conformity with law. A lawyer cannot engage in, counsel or assist a client with any conduct that the lawyer knows is illegal. (M.R.P.C. 1.2). In other words, if upon being apprised a client insists upon acting illegally the lawyer cannot participate in the illegality although he/she is not otherwise prevented from representing the client. Of course, a supervising attorney cannot order another attorney to violate the law or Rules. M.R.P.C. 5.1(c). Additionally, a lawyer must act with reasonable diligence and promptness in representing the client, especially when there is a potential legal pitfall involved and, therefore, such a matter should not be delayed. M.R.P.C. 1.3. It is my sincere and earnest belief based upon the plain language of Miss. Code § 27-3-73 that the release of this information is illegal. It is evident that at a minimum the release of these ABC applications is unlawful, which the below email from the subpoena has now been narrowed to by the requestor. (However, while not directly in issue anymore, the fact that the Department considers sales tax permits to be confidential, should necessitate that the same protection is given to ABC permits. To attempt to draw a distinction is arbitrary and capricious.) You questioned my ability to do my job more than once by my refusal to release this information, and while I'm sure this was not offered out of mean spiritedness, I submit

Thanks,

Chris

P.S.

You had mentioned in your email that in our first conversation I did not ask you about ABC permits. This is correct and what I roughly asked was, 'isn't it correct that permits are not allowed to be released to the public.' You followed up with another question by asking 'if I meant ABC permits or if I meant sales tax permits?' From my recollection of the subpoena I responded by saying that 'I was talking about sales tax permits.' You then said in effect that 'I was right, that sale tax permits could not be released and were confidential.' After our conversation though, I went back and looked at the subpoena and saw that the requestor was asking for ABC permits and applications as well as sales tax permits and other taxpayer information. Given your follow up question to my first question, I began to wonder if the Department drew a distinction between sales tax permits and ABC permits. I then called David, since he is our ABC attorney, in a very impromptu and off-the-cuff way, as I did with you, and asked him if ABC permits were considered confidential. He said roughly that 'we have interpreted them to not be confidential.' I then started to look up what authority would clearly support this assertion that ABC documents were not entitled to confidentiality.

You indicated that my block quote was a misstatement in my first email, and you were correct; this was an error. Again, I'm sorry for my previous misstatement. With that corrected, however, I stand by everything that I stated in my first email and the foregoing.

Lastly, I am reminded that there was only one other time that I had to refuse to follow an order from you; it likewise involved the release of taxpayer information. In that previous circumstance, ultimately, we agreed that such release was improper.

**From:** Ashley May <Ashley.May@dor.ms.gov>
**Sent:** Friday, November 20, 2020 12:19 PM
**To:** Chris Necaise <Chris.Necaise@dor.ms.gov>; David Caldwell <David.Caldwell@dor.ms.gov>
**Subject:** RE ████████ Redacted ████████

Chris,

I appreciate your thorough explanation of your position but I do not agree with you on the ABC permits. ABC permits have nothing to do with the amount of income or any particulars set forth or disclosed in any report or return required on any taxes collected by reports received by the DOR. I am not familiar enough with the ABC permit application to make the same statement.

When we spoke, you asked me about sales tax permits, not ABC permits. The confidentiality section for sales tax reads differently than the general one you quoted (which doesn't seem to be an accurate quote – applications is not mentioned in my code book – maybe I am missing an update?) 27-65-81 states that it is unlawful to make known an application – 27-3-73 does not.

Furthermore, ABC hearings (at BTA) are open to the public.

From the BTA Rules:

Rule 3.4 Meetings and Hearings; Frequency, Location and Exemption from the Mississippi Open Meetings Act A.

The Board shall meet at least one (1) day a month.

The date, time and location of the meetings of the Board shall be set by the Board. B. Once a meeting of the Board is called to order, the Board shall be considered to be in continuous session from day to day until the meeting is formally adjourned on motion and majority vote of the members present. C. That portion of any meeting or hearing of the Board held in regard to an administrative appeal filed under Miss. Code Ann. § 27-77-5, § 27-77-9, § 27-77-11 or § 27-77-12, which are appeals from orders of the Review Board and from orders of administrative hearing officers, shall be closed to the public and is exempt from the requirements of the Mississippi Open Meetings Law, Miss. Code Ann. § 25-41-1 et seq. **That portion of any meeting or hearing of the Board regarding all other administrative appeals, including, but not limited to, appeals under Miss. Code Ann. § 67-1-72 regarding ABC matters,** appeals regarding the denial of an objection by a Board of Supervisors to the Department's rejection of an homestead exemption application under Miss. Code Ann. § 27-33-41, appeals regarding ad valorem assessments under Miss. Code Ann. § 27-35-309, § 27-35-311, § 27-35-325, § 27-35-517 or § 27-35-703 and appeals by a county from the decision of the Department in regard to its

heard or discussed. The presiding board member may order the removal of any person not directly involved in the administrative appeal being heard or who is not necessary for the Board's deliberation on such an appeal.

Also, ABC permits are expressly excluded from the definition of "permit" under MDOR's admin rules: "Permit" means a type of license or permit that the Agency is authorized to issue, suspend or revoke, such as a sales tax permit, a beer permit, a tobacco permit, a dealer license, or designated agent status, but does not include: (i) any type of permit issued under the Local Option Alcoholic Beverage Control Law, Miss. Code Ann. Section 67-1-1, et seq. or under the Mississippi Native Wine Law of 1976, Miss. Code Ann. Section 67-5-1, et seq.; (ii) an IFTA license; or (iii) an IRP registration, including the IRP credential issued as a result of IRP registration.

35 Code Miss. R. Pt. I, R. 1.01
Based on all of this, I do not believe it is a reasonable interpretation that ABC permits would not be subject to a subpoena. If you want to discuss the ABC application, I am happy to do so though. I would just need more information. Historical treatment should be easy to find on that as well.

Thanks,
Ashley

**From:** Chris Necaise <Chris.Necaise@dor.ms.gov>
**Sent:** Friday, November 20, 2020 11:31 AM
**To:** Ashley May <Ashley.May@dor.ms.gov>; David Caldwell <David.Caldwell@dor.ms.gov>
**Subject:** FW: ██████████ Redacted ██████████

Hi Ashley and David,

This email may be unnecessary, but considering my quick, impromptu conversations with the two of you yesterday regarding confidentiality, I felt that I should run this by you to clarify our position regarding confidentiality of taxpayer information. As I passingly mentioned yesterday, we received the attached subpoena seeking various taxpayer information. This subpoena among other things, included a request for ABC information, see attached. I sent out a letter informing the requester that the information that was sought was privileged, and unless a clear exception to the general rule prohibiting release of taxpayer information was presented, we would be unable to release the requested taxpayer information. In my conversation with the requester, she said that she would send me an email narrowing what the subpoena sought and provide an exception to allow release, see below email. What requestor now requests are the taxpayer's applications for the relevant ABC permits, which I believe cannot be released per Miss. Code § 27-3-73. I wanted to run this matter by the two of you because after my quick phone conversation with you two yesterday, I felt as though, perhaps, you and I might possibly differ on the confidentiality status of ABC applications and permits. If I am preaching to the choir and you do think the requested information is privileged feel free to skip the following two paragraphs, which is my reasoning as to why this information requested in the subpoena is privileged and cannot be released.

The statute that governs the confidentiality of these ABC permit applications (liquor, beer, etc.) is Miss. Code § 27-3-73 that in relevant part says,

> [I]t shall be unlawful for the Commissioner of Revenue or any deputy, agent, clerk or other officer or employee of the Department of Revenue …to divulge or make known in any manner the amount of income or any particulars set forth or disclosed on any application, report or return required on taxes collected by reports received by the Department of Revenue. This provision relates to all taxes collected by the Department of Revenue….

This broad language indicates that any information contained on any taxpayer provided return or report that the Department uses to collect any taxes is privileged under the statute and cannot be released. The applications used to apply for permits are therefore not releasable, at least in part, because they are reports used by the Department of Revenue (Department) to collect privilege taxes from the applicants, as evidenced throughout the relevant ABC application forms, which an applicant must report to the Department, and by the following statutes imposing the said privilege taxes on the applicants: Miss. Code §§ 27-71-51; 27-71-303. Clearly, "any particulars found" on these applications used to collect the said privilege taxes are therefore confidential/privileged pursuant to this general confidentiality statute. Therefore, all information found on these applications would be privileged per that statute and not subject to release without consent of the taxpayer/applicant to whom it belongs or proper judicial order.

In sum, I did want to run this by the two of you and see what your position on this was. As I have stated here, I

§ 27-3-78(a)(e). Additionally, given the new Commissioner's heightened concern for protecting taxpayer information, disallowance of release is likewise further warranted. Like I said, I might be preaching to the choir, however, if I am not, I will not release this information, but will not oppose anyone who knowingly is willing to take the risk.

Please let me know your thoughts and position on this.

Thanks,

Chris

**From:** Adrian Mills <adrian@blfmail.com>
**Sent:** Thursday, November 19, 2020 3:42 PM
**To:** Chris Necaise <Chris.Necaise@dor.ms.gov>
**Subject:** <span style="background:black;color:white;">Redacted</span>
THIS EMA

DO NOT click links, open attachments, or provide any information if the sender is unknown or the email is unexpected.

Per our conversation, in relation to the subpoena served in the above matter, I am not wanting a copy of any tax returns. Just the application for the permit. If for some reason I need more, I can file a motion with the Court if necessary.

Thank you



This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message

| | |
|---|---|
| **From:** | Commissioner |
| **To:** | Ashley May |
| **Subject:** | RE: your approval |
| **Date:** | Monday, November 30, 2020 11:20:05 AM |

Looks fine to me. Font looks colorful on my screen.

**From:** Ashley May <Ashley.May@dor.ms.gov>
**Sent:** Monday, November 30, 2020 9:17 AM
**To:** Commissioner <Commissioner@dor.ms.gov>
**Subject:** your approval

Chris,

This is the termination we discussed but I wanted to get your approval on the language before I asked Melissa to print it on your letterhead. It is a form template we use.

Thanks,
Ashley



December 8, 2020

**SENT VIA U.S. MAIL & E-MAIL**

TO: Mississippi Department of Revenue Legal Division
P.O. Box 22828
Jackson, MS 39225
Renee.Freeman@dor.ms.gov

Mississippi Department of Revenue Legal Division:

Under the Mississippi Public Records Act of 1983, I respectfully request copies of any and all information in any format, including but not limited to emails, text messages, Microsoft Teams communications, other communications, voice or other recordings, and writings, whether physical, electronic or otherwise, that pertains in any way to the following:

1. Any and all of the foregoing which included/involved Christopher M. Necaise as a participant (transmitter or recipient) or on which he was copied from October 1, 2020, up to the time of the actual completion/satisfaction of the herein described public records request;

2. Any and all of the foregoing wherein the subject matter pertained to/involved, in whole or in part, directly or indirectly, Christopher M. Necaise or his employment termination, from October 1, 2020, up to the time of the actual completion/satisfaction of the herein described public records request.

Please produce the foregoing requested in electronic format by emailing it to ChristopherNecaise@gmail.com. If, however, this cannot be accomplished electronically, then you may mail the foregoing information to P.O. Box 6266, Diamondhead, MS 39525. To the extent there is a charge, payment will be provided in accordance with law.

Sincerely,

Chris Necaise
P.O. Box 6266
Diamondhead, MS 39525
christophernecaise@gmail.com





# REVENUE
### STATE OF MISSISSIPPI

LEGAL DIVISION

December 17, 2020

Chris Necaise
P.O. Box 6266
Diamondhead, Mississippi 39525

Re:          Response to Request for Information

Dear Mr. Necaise,

     This correspondence serves as a response to the public record request received on December 8, 2020. You have requested various records in which you were either a participant or which pertained to you. Unfortunately, some responsive records are considered confidential by the Department due to statutory protections placed on information contained therein by Mississippi Code Annotated Sections 27-3-73 and 27-65-81. Pursuant to these sections, the requested information may only be provided after the Department receives a proper judicial order as defined under the procedure listed in these sections. Additionally, other responsive records are exempt from production due to attorney/client privilege and/or the presence of attorney work product. The Department has redacted such records to the extent possible to make production possible. Finally, the Department is voluntarily producing certain responsive records that do not fall under the definition of "public record" as defined by Mississippi Code Annotated Section 27-61-3(b). However, this voluntary production should not be construed as a waiver of any future objections to production. The Department has requested copies of any responsive text messages; however, the Department does not know who you have texted. Therefore, production may not include all text messages that qualify as public records that you have sent to individuals.

     The review of records and redaction process required for some documents will require more than seven (7) working days to finalize production of documents. However, under no circumstances will the production time exceed fourteen (14) working days from the date of receipt of this request. Finally, Commissioner Graham wishes to waive the applicable cost associated with the production of these records for this particular request. The responsive records will be mailed to you saved on a USB drive at the address listed above.

Best,

David Caldwell
Senior Attorney

December 18, 2020

Chris Necaise
P.O. Box 6266
Diamondhead, MS 39525
ChristopherNecaise@gmail.com

**SENT VIA E-MAIL TO:**
Mississippi Department of Revenue Legal Division,
David Caldwell, & Renee Freeman
Renee.Freeman@dor.ms.gov

Senior Attorney David Caldwell,

I'm in receipt of your December 17, 2020, emailed response invoking the Mississippi
Department of Revenue's (Department) additional seven (7) day extension on the production of
the requested information under the Mississippi Public Records Act of 1983. As I'm sure you are
well aware, I am not seeking any confidential taxpayer information, as I was the one who raised
Miss. Code § 27-3-73 to which you cite, along with my concerns about the need to safeguard
taxpayer information. In your previously referenced response, you indicated that some of the
information that pertained to me was not public and was not available to me under the
Mississippi Public Records Act of 1983. More specifically, you allege that the information
previously requested by me, all of which pertains to me, is not discoverable by me under the
Mississippi Public Records Act of 1983 due to an exemption (*e.g.* "due to attorney/client
privilege and/or the presence of attorney work product"). As a result, and in light of the law, I
respectfully request that you provide a description of each and every unproduced and allegedly
exempt information item you/the Department asserts falls outside of the disclosure requirements
of said Mississippi Public Records Act. At a minimum, such a description should include:

1) The date of the information item's creation;
2) The format of that information (*e.g.* email, memorandum, *etc...*);
3) The information's author(s)/sender(s);
4) All persons to whom the information was directed, along with who was copied/had
   access to it;
5) A description of the contents and purpose of the information; and
6) The specific legal authority which is asserted as a bar/exemption to disclosure under the
   said Mississippi Public Records Act.

Sincerely,

Chris Necaise



**REVENUE**

LEGAL DIVISION

STATE OF MISSISSIPPI

## VIA E-MAIL AND CERTIFIED MAIL

12/23/2020

Chris Necaise
P.O. Box 6266
Diamondhead, Mississippi 39525

Re:     *Public Records Request – Second Response*

Mr. Necaise,

By copy of this correspondence, MDOR is notifying you that it is sending all responsive records to you under the conditions previously discussed in its letter to you dated December 16, 2020, subject to all exemptions and terms noted in the letter. Additionally, a record which may be responsive to your request is a personnel record exempt from disclosure under Miss. Code Section 25-1-100, as it includes reference to other employees. However, such record has been redacted to remove reference to other employees and is being produced. All responsive non-exempt records are being sent out today on a USB stick via certified mail to the post office box address listed in your request. The MDOR considers itself to have complied with all requirements relating to the timing of production listed in Miss. Code Section 25-61-5.

This correspondence also serves as response to your letter dated December 18, 2020. In your letter, you state that, "I am not seeking any confidential taxpayer information." However, due to the very nature of your employment with MDOR, your request ensnares records which include confidential taxpayer information, as well as information covered by the attorney client privilege and/or attorney work product. You worked on matters involving issues arising from and relating to tax litigation. As a result, many emails you sent or received included confidential taxpayer information.

Your request specifically requests any and all e-mails you sent, received or on which you were copied. This includes e-mails between yourself and MDOR personnel discussing tax appeals. It also includes emails between you and the Mississippi Board of Tax Appeals, and representatives opposite, involving these same tax appeals. The information ranges from tax amounts owed to the identification of taxpayers who have disputed assessments against them. Releasing such information could result in statutory violations. I have redacted such e-mails when redaction cures the issue. Otherwise, however, such records cannot be released. Based on your letter, it does not appear that you disagree with any record containing such information being exempt from production. If I am incorrect, please advise.

1

Similarly, many of the e-mails and documents that fall within the parameters of your request contain discussions on legal matters involving the MDOR. Some of these discussions include information that is exempt from production under either the attorney client privilege or the attorney work product doctrine, or both. This includes e-mails between you and other MDOR employees discussing legal matters or documents you created or reviewed which would be considered attorney work product. The mere fact that you participated in these discussions does not negate either exemption, as both exemptions are owned and applied by the MDOR. Such records are likewise exempt from production and will not be produced, with the exception of a limited number of records directly relating to the discussion of Section 27-3-73's misapplication to ABC permit applications, for which the Department waives its privilege. This limited waiver should not be construed as an abrogation of any future rights as to other documents.

In your correspondence you request what appears to be an index relating to records which are exempt due to attorney client privilege and/or attorney work product. Hopefully, the explanation above is sufficient to dispel any need for an index. I suggest you review the records being produced by the MDOR. If, after such review, you still wish for MDOR to provide a withholding index, MDOR will send an index to you fitting the requirements listed in the Mississippi Model Public Records Rules and accompanying Comments after you have paid the cost associated with the creation of such an index. This cost will be based on the hourly salary rate of the attorney who is tasked with reviewing, organizing and summarizing such details as are required by the Model Rules. If you wish to receive such an index, please advise and we will provide a cost to you as soon as reasonably possible.

Sincerely,

David Caldwell
Senior Attorney

December 28, 2020

Chris Necaise
P. O. Box 6266
Diamondhead, MS 39525
ChristopherNecaise@gmail.com

**SENT VIA EMAIL TO:**
Mississippi Department of Revenue Legal Division,
David Caldwell, & Renee Freeman
Renee.Freeman@dor.ms.gov

Senior Attorney David Caldwell,

I have not yet received the USB stick referenced in your December 23, 2020 letter however, I am writing because of certain perceived misstatements contained therein. You state:

> "...a record which may be responsive to your request is a personnel record exempt from disclosure under Miss. Code Section 25-1-100, as it includes reference to other employees. However, such record has been redacted to remove reference to other employees and is being produced..."

While no such record as described was in my personnel file on 12/2/2020, more troubling is the fact that the statute cited does not provide for any such claimed thing. Although Miss. Code § 25-1-100 generally exempts personnel records from disclosure under the Public Records Act of 1983, excepted from that exemption is where a person seeks (or authorizes another to obtain) his own personnel records. There is likewise no authority for any redaction under Miss. Code § 25-1-100, and the applicant/employee is clearly entitled to know what is contained therein, including the names of persons involved in any employment decisions (since there is no provision to the contrary).

Besides this absence of authority under Miss. Code § 25-1-100, the names (and even the salaries, etc.) of public employees must be made available under said Public Records Act, so there is no general legal authority for such name redaction either. Although there was erroneous statutory citation in your December 17, 2020 letter (*e.g.* your citation to Miss. Code § 27-61-3(b)), in this latest communication you cite the correct statute (Miss. Code § 25-1-100), but claim that it provides legal authority for your above assertions when it clearly does not. Nothing in Miss. Code § 25-1-100 exempts disclosure of a person's own personnel records simply because "it includes reference to other employees" or in any way authorizes redaction of public employees' names. This apparent mischaracterization is troubling to say the least. Enclosed is a highlighted copy of Miss. Code § 25-1-100 for your more thorough review.

Also, you have again nebulously cited without specific authority "attorney client privilege and/or attorney work product" as a basis that "[some] such records cannot be released" and "will not be produced" under said Public Records Act. I observe that what constitutes work product is legally

circumscribed and that attorney-client privilege is not absolute. Of course, the rules involving spoliation and claimed privilege are but two sides of the same coin. Therefore, all such records should be maintained, complete and inviolate, as required by law. See, for example, Mississippi Model Public Records Rule 3, Comment 3.5; Miss. Code § 25-59-23.

You requested that I "please advise" whether I disagree with your claimed privilege. In light of your seemingly apparent mischaracterization of Miss. Code § 25-1-100, I am not prepared to agree that what you have withheld is in accord with law. (To reiterate and be clear, I am not seeking any BTA submissions, supplemental submissions, or updated taxpayer statements of liability, but transmittal emails, etc. are a different matter.) When statutorily required to announce the cost involved in my records request, the Commissioner graciously agreed that there would be no charge for this request. In the absence of bad faith (which I will not impute to you absent evidence to the contrary), you have already necessarily done the document review associated with this records request, made redactions and excluded documents, based upon what you believe the law to be, but have not provided any explanation upon which each such decision was based. Instead, and in in spite of the fact that charges for this records request were waived, and that such work has necessarily already been done as part of that self-same request, you indicate that I must now pay "the cost for the creation of such an index"; you have necessarily already *de facto* created this since it generally describes what you have withheld based upon claimed privilege or an inability to redact. Your assertions appear to be legally improper for a number of reasons, including that your response to the records request "failed to provide a brief explanation of how the exemption applies to the record or portion withheld." Mississippi Model Public Records Rule 4, Comment 4.4(4)(b)(ii) (emphasis added); see also Miss. Code § 25-61-5. In short, it appears that a proper response to said request should not only identify what records were withheld under an asserted privilege/exemption but should briefly explain how that exemption applies to the record/portion withheld "with enough information for a requestor to make a threshold determination of whether the claimed exemption is proper." Mississippi Model Public Records Rule 4, Comment 4.4(4)(b)(ii).

In this same vein, you state that "The MDOR considers itself to have complied with all requirements relating to the timing of production listed in Miss. Code Section 25-61-5." Whether MDOR considers itself to be in compliance is immaterial if it, in fact, is not. In short, if you improperly claimed privilege or improperly redacted information, you have failed to produce the information required, and within the time provided under the said Public Records Act. For all of the reasons cited, even if the claimed privilege(s) and redactions are proper, the MDOR still appears to have fallen short on the information it was to provide as noted above. Again, see Mississippi Model Public Records Rule 4, Comment 4.4(4)(b)(i) and (ii); Miss. Code § 25-61-5, etc.

In conclusion, I will review the information you indicated would be on the USB stick when it arrives, but reaffirm all of the foregoing assertions and authority. Have a Happy New Year.

**[Signature on following page.]**

Sincerely,

Chris Necaise

Enclosure: Miss. Code § 25-1-100(highlighted)

 Gmail

**Christopher Necaise <christophernecaise@gmail.com>**

---

## Response to Request for Information

---

**David Caldwell** <David.Caldwell@dor.ms.gov>                                    Mon, Dec 28, 2020 at 2:45 PM
To: Christopher Necaise <christophernecaise@gmail.com>
Cc: Renee Freeman <Renee.Freeman@dor.ms.gov>

Mr. Necaise,

I appreciate the response. If you wish to receive a withholding index after reviewing the produced documents upon receipt, I will provide you a cost ASAP.

Sincerely,

David Caldwell

Senior Attorney

[Quoted text hidden]
[Quoted text hidden]

# PARTNERSHIP

## AGREEMENT BETWEEN

## THE U.S. DEPARTMENT OF LABOR
## WAGE AND HOUR DIVISION

## AND

## THE ALCOHOLIC BEVERAGE CONTROL DIVISION OF
## THE MISSISSIPPI DEPARTMENT OF REVENUE

This Agreement is made and entered into by and between the United States Department of Labor's Wage and Hour Division (herein referred to as "WHD" or "Department") and the Alcoholic Beverage Control Division of the Mississippi Department of Revenue (hereinafter referred to as ABC), together collectively referred to as "the agencies" or "the parties".

With the specific and mutual goals of providing clear, accurate, and easy-to-access outreach to employers, employees, and other stakeholders, and of sharing resources and enhancing enforcement by conducting coordinated investigations and sharing information consistent with applicable law, the parties agree to enter into this partnership.

THEREFORE, IT IS MUTUALLY AGREED THAT:

**Purpose**

The agencies recognize the value of establishing a collaborative relationship to promote compliance with laws of common interest, including sharing training materials, providing employers and employees with compliance assistance information, conducting coordinated investigations, and sharing information as appropriate.

**Agency Responsibilities**

WHD is responsible for administering and enforcing a wide range of labor laws, including the Fair Labor Standards Act, the Family and Medical Leave Act, the Migrant and Seasonal Agricultural Worker Protection Act, worker protections provided in several temporary visa programs, and the prevailing wage requirements of the Davis-Bacon and Related Acts and the Service Contract Act. Nothing in this agreement limits WHDs enforcement of these and other statutes. WHD enters into this agreement under the authority of 29 U.S.C. 211(b), which authorizes the Department to cooperate with State agencies charged with the administration of State labor laws.

1



The ABC licenses the alcoholic beverage industries and collects fees paid by the licensees, and enforces the laws and regulations of the alcoholic beverage industries, pursuant to Title 35, Part II and Title 67, Chapter I of the Mississippi Administrative Code. Nothing in this agreement limits the ABC's enforcement of these and other statutes.

**Contacts**

- The agencies will designate a contact person responsible for coordinating the partnership activities. The agencies will notify each other in the event of the separation or long-term absence of their contact persons.

  ABC:   Mr. Russell Hanna (formal)
  Chief of Enforcement
  P.O. Box 22828 (Jackson, MS 39225)
  500 Clinton Center Drive
  Clinton, MS 39056
  601-923-7630
  Rusty.hanna@dor.ms.gov

  Mr. Bryan Alexander (informal)
  Deputy Chief of Enforcement
  P.O. Box 22828 (Jackson, MS 39225)
  500 Clinton Center Drive
  Clinton, MS 39056
  601-923-7630
  Bryan.alexander@dor.ms.gov

  WHD:   Ms. Audrey Hall (formal)
  District Director
  100 West Capitol Street, Ste. 725
  Jackson, MS 39269
  601-965-7392
  Hall.audrey@dol.gov

  Mrs. Susan Denham-Collins (informal)
  Community Outreach & Resource Planning Officer (CORPS)
  431 West Main Street, Ste. 115
  Tupelo, MS 38804
  662-231-7069 or 662-842-2447
  Denham.susan@dol.gov

The agencies will designate a representative to meet at least quarterly to review areas of mutual concern and the terms and conditions of the partnership.

  ABC:   Mr. Bryan Alexander
  Deputy Chief of Enforcement

P.O. Box 22828 (Jackson, MS 39225)
500 Clinton Center Drive
Clinton, MS  39056
601-923-7630
Bryan.alexander@dor.ms.gov

WHD:  Mrs. Susan Denham-Collins
Community Outreach & Resource Planning Office (CORPS)
431 West Main Street, Ste. 115
Tupelo, MS  38804
662-231-7069 or 662-842-2447
Denham.susan@dol.gov

**Enforcement**

Where appropriate and to the extent allowable under law,

- The agencies may conduct coordinated investigations periodically in the State of Mississippi, if opportunity provides.

- The agencies may coordinate their respective enforcement activities and assist each other with enforcement.

- The agencies may make referrals of potential violations of each other's statutes.

**Previous Agreements**

- This agreement replaces and supersedes any previous Partnership Agreement MOU between the parties.

**Effect of Agreement**

- This agreement does not authorize the expenditure or reimbursement of any funds. Nothing in this agreement obligates the parties to expend appropriations or enter into any contract or other obligation.

- By entering into this partnership, the agencies do not imply an endorsement or promotion by either party of the policies, programs, or services of the other.

- Nothing in this agreement is intended to diminish or otherwise affect the authority of either agency to implement its respective statutory functions.

3

- This agreement contains all the term and conditions agreed upon by the parties. Upon execution of this agreement, no other understanding, oral or otherwise, regarding the subject matter of this agreement shall be deemed to exist or be finding upon the parties. This agreement shall be deemed to exist or be binding upon the parties. This agreement is not intended to confer any right upon any private person or third party.

- Nothing in this agreement will be interpreted as limited, superseding, or otherwise affecting the party's normal operations. This agreement also does not limit or restrict the parties from participating in similar activities or arrangements with other entities.

- This agreement will be executed in full compliance with the Privacy Act of 1974, and any other applicable federal and Mississippi state laws.

**Exchange of Information**

- It is the policy of WHD to cooperate with other government agencies to the fullest extent possible under the law, subject to the general limitation that any such cooperation must be consistent with the WHD's own statutory obligations and enforcement efforts. It is WHD's view that an exchange of information in cases in which both entities are proceeding on basically the same matter is to our mutual benefit. There is a need to WHD to provide information to other law enforcement bodies without making a public disclosure.

- Exchange of such information pursuant to this agreement is not a public disclosure under the Freedom of Information Act, 5 U.S.C.552.

- Confidential information means information that may be exempt from disclosure to the public or other unauthorized persons under state and federal statutes. Confidential information includes: the identities of persons who have given information to the parties in confidence or under circumstances in which confidentiality can be implied; any employee statements in WHD's enforcement files that were obtained under these conditions; internal opinions and recommendations of federal or state personnel, including (but not limited to) investigators and supervisors; information or records covered by the attorney-client privilege and the attorney work-product privilege; and confidential business information and trade secrets.

- Confidential information includes personal identifiable information such as: first and last name, business address and telephone, home and/or personal phone numbers, home address, date and place of birth, mother's maiden name, individually identifiable health information, and financial records.

4

- The agencies shall use Federal Information Processing Standard (FIPS) 140-2 compliant encryption to protect all instances of WHD sensitive information during storage and transmission.

- Both parties agree to work together to ensure the joint security of the data they store, process, and transmit. Each party certifies that the processes used to transmit and store data is in compliance with all relevant federal laws, regulations, and policies.

- Confidential information, which includes personal identifiable information, may be accessible only to those agents and/or employees of the recipient who require the data in the official performance of their job duties. All data will be kept in the strictest confidence and will be made available to the receiving agency's staff on a "need-to-know" basis. The parties shall instruct all such authorized individuals about the confidentiality requirements under both applicable state and federal law and the Partnership Agreement itself, and about the potential sanctions for unauthorized use, browsing, or disclosure of confidential information.

- When confidential information is exchanged it shall be used and accessed only for the limited purposes of carrying out activities pursuant to this Agreement as described herein. The information shall not be duplicated or re-disclosed without the written authority of the Agency providing the information (hereinafter the "Donor Agency"), a court order or if otherwise required by law.

- In the event there is a public proceeding, such as a trial, in which confidential information may be used or testimony of ABC's employees sought, the ABC requires that the WHD notify ABC in writing at least 10 days prior to such use of required testimony.

- Should either party receive a request or subpoena that would, fairly construed, seek productions of privileged information that it received pursuant to this MOU agreement, the party receiving such a request or subpoena shall take reasonable measures, including but not limited to asserting the common interest privilege, to preclude or restrict the production of such information for ten (10) business days, and shall promptly notify the donor agency that such a request or subpoena has been received, so that the donor agency may file any appropriate objections or motions, or take any other appropriate steps, to preclude or condition to the production of such information.

- Neither party shall have authority to waive any privilege or doctrine on behalf of the other party, nor shall any waiver of an applicable privilege or doctrine by the conduct of one party be construed to apply to the other party.

- For information security purposes, information (including paper-based documents and electronic information such as emails and CDs) exchanged pursuant to this Agreement

5

remains the responsibility of the donor agency while in transit. The agencies agree to establish a communication protocol for notifying each agency's designated contact person when information is sent to or received from that agency, including information on the form of the transfer and the media type and quantity (when appropriate). An agency expecting to receive information will notify the donor agency if the information is not received as of the next business day following the agreed upon delivery date.

- For information security purposes, after an agency receives information from the donor agency, the donor agency retains no responsibility for any security incidents, inadvertent disclosure, or the physical and information technology safeguards in place for protecting that information by the agency that received it.

- However, in the event that the agency receiving the information experiences a security incident or disaster that results in the suspected or confirmed inadvertent disclosure of the data exchanged pursuant to this Agreement, the agency experiencing the incident or disaster will send formal written notification to the donor agency's designated contact person within 3 days after detection of the incident or disaster. The written notification will describe the security incident or disaster in detail including what data exchanged pursuant to this Agreement may have been inadvertently disclosed.

Subject to the foregoing constraints:

- The agencies agree to exchange information on laws and regulations of common concern to the agencies, to the extent practicable.

- The agencies will establish a methodology for exchanging investigative leads, complaints, and referrals of possible violations, to the extent allowable by law and policy.

- The agencies will exchange information (statistical data) on the incidence of violations in specific industries and geographic areas, if possible.

- This exchange of information by ABC shall only relate to permits issued for the sale or manufacture of alcoholic beverages as defined by Mississippi Code Section 67-1-5. It shall not include information relating to beer or light wine. The statues relating to beer and light wine incorporate certain confidential information restrictions present in Mississippi Sales Tax Law which prohibits the exchange of information except under certain statutorily authorized situations.

**Resolution of Disagreements**

- Disputes arising under this Agreement will be resolved informally by discussions between Agency Points of Contact, or other officials designated by each agency.

6

**Period of Agreement**

- This agreement becomes effective upon the signing of both parties, and will expire 3 years from the effective date. This agreement may be modified in writing by mutual consent of both agencies. The agreement may be cancelled by either party by giving thirty (30) days advance written notice prior to the date of cancellation. Renewal of the agreement may be accomplished by written agreement of the parties.

This agreement is effective as of the _____19th_____ day of April, 2018.


By:_____
    Wayne Kotowski
    Regional Administrator, Southeast
    Wage and Hour Division
    U.S. Department of Labor

By:_____
    Herb Frierson
    Commissioner of Revenue
    Alcoholic Beverage Control
    Division of the Mississippi
    Department of Revenue


By:_____
    Audrey L. Hall, JD
    District Director, Jackson, MS
    Wage and Hour Division
    U.S. Department of Labor

7



—DEPARTMENT OF—
# REVENUE
STATE OF MISSISSIPPI

OFFICE OF THE COMMISSIONER

---

TO:          Chris Necaise

FROM:     Chris Graham, Commissioner

DATE:      12/1/2020

RE:          Termination of Employment

When you assumed your current position of Staff Attorney, on October 16, 2018, you were informed that the position is non-state service. Non-state service, pursuant to *Mississippi Code Annotated*, Section 25-9-125, means you will not attain permanent state service status while employed in that position. A non-state service employee has no property rights to his/her job, and may be terminated with or without cause or notice by the appointing authority. Effective close of business today, December 1, 2020, your employment with the Department of Revenue will be terminated.

**You may refer to Section 9.3 (B) of the Mississippi State Employee Handbook for information concerning appealing this decision to the Mississippi Employee Appeals Board. The handbook and Notice of Appeal form may be found at www.mspb.ms.gov.**

This is to inform you that:

- You will be paid for all time worked. You will be paid for up to thirty (30) days of accumulated Personal Leave with a separate check after the close of the month.
- Your health insurance will be paid by the State through this month, at which time you may continue coverage at your expense for eighteen months. For continuation of your insurance coverage, please contact Gail Alexander, DOR Human Resources at (601) 503-5006.
- If you wish to withdraw *your* contributions to the Public Employees Retirement System, please contact Kym Chambers, DOR Accounting, (601)923-7652.

**A copy of this notice will be placed in your personnel file. Without prior approval of this office, you are not permitted to enter any agency facility.**

Should you have any questions concerning your employment, you may contact Lamar Wilson, Director of Human Resources, at 923-7750.

Acknowledgement of Receipt: _____    Date: _____

c:    Personnel File

EXHIBIT
"G"

---

P. O. Box 22828      Jackson, MS  39225      www.dor.ms.gov      Phone: 601.923.7400      FAX: 601.923.7006

Gmail                                    Christopher Necaise <christophernecaise@gmail.com>

## Illegality at MDOR/Professional Responsibility
1 message

Christopher Necaise <christophernecaise@gmail.com>                    Sat, Dec 5, 2020 at 11:35 AM
To: commissioner@dor.ms.gov
Cc: Christopher Necaise <christophernecaise@gmail.com>

Commissioner Chris Graham,

As you may know, up until December 1, 2020, I represented the Mississippi Department of Revenue (MDOR) as an attorney in the legal department. Although the attorney-client relationship has ended, I wished to write and fulfill any ethical obligations imposed upon me by the Mississippi Rules of Professional Conduct by reporting up the chain-of-command, lest it be said that you were not made fully aware of the serious matter of illegality that I first raised with Chief Legal Counsel Ashley May on November 20, 2020. I do not know if you have been made fully aware of this issue by Ashley May; her last reply to me regarding this issue was simply the matter has been "handled." In the following, I will address this in abbreviated fashion, but I direct your attention to, and encourage you to request/obtain the emails between Ashley May and myself beginning November 20, 2020. Although your thorough review of the aforementioned email string is strongly suggested, I offer the following synopsis/chronology of the same regarding said issue of illegality at the MDOR. As a licensed attorney yourself, I am sure that you will fully understand all of the implications.

A subpoena duces tecum was received by the MDOR in Lamar Advertising of LA v. YiaYia's Kitchen, LLC, initially seeking a plethora of taxpayer information including, among other things, sales tax and ABC tax information. This subpoena was assigned to me. I replied to the subpoenaing counsel via a letter that such taxpayer information was confidential and would only be provided with a specific statutory provision allowing for such. The subpoenaing counsel contacted me thereafter informing me that she was not looking for returns and that she would narrow the requested information to the ABC documents. I thereafter contacted both Ashley May and Senior Attorney David Caldwell in a very impromptu manner and was told that sales tax information was not disclosable, but that MDOR treats ABC applications and permits differently. Thereafter, I received an email from subpoenaing counsel narrowing the subpoena to ABC permit applications. I then looked for the authority saying that application information involving ABC permit applications was disclosable by the Department. Instead of finding any, I came across Miss. Code 27-3-73 which generally protects from/makes illegal the disclosure of all taxpayer information in the absence of a specific statutory authorization or court order.

On Friday, November 20, 2020, I sent an email to Ashley May and David Caldwell with my citations of and comments regarding 27-3-73, and asked for them to "[p]lease let me know your thoughts and position on this." I also attached a copy of the subpoenaing attorney's email which sought the application for the ABC permit, not the permit itself. Ashley responded later that day citing the BTA rules which allow the MDOR to share taxpayer information with the BTA and the open meetings law which provides that the appeal hearings to the BTA shall be open to the public. She also cited to the MDOR administrative rules which say that ABC permits are excluded from the definition of permits. Nothing Ashley May cited in any way authorized the MDOR to provide the ABC application information to the subpoenaing attorney, as she asserted.

On Monday, November 23, 2020, I responded to Ashley May's foregoing email and began by noting that "... I am sure that I don't need to say this but my previous email and this response are not meant to be anything other than collegial and out of concern for the Commissioner and employees of the MDOR (including myself) given the hefty crimina[l ... ... imp]risonment] imposed by Miss. Code 27-3-73 [for illegally releasing taxpayer infor[mation ...] that 27-3-73 specifically authorizes disclosure to

EXHIBIT
"H"

the BTA but that "[e]xcept in accordance with proper judicial order or as otherwise provided...it shall be unlawful for the Commissioner of Revenue or any deputy...to divulge or make known in any manner the amount of income or any particulars set forth or disclosed in any report or return required on any taxes collected..." I noted that a "privilege tax is collected by MDOR for the issuance of an ABC permit based upon the information reported on the ABC application" and, "the tax amount varies based upon factors and documentation reported by the taxpayer." I observed that "this [application] is the type of envisioned report made and required by MDOR for the purpose of ascertaining/facilitating the 'taxes collected' by it." I also reminded them that as part of the application and attachments (see summary financial statement Form 2007), all applicants must provide *inter alia* bank names and account numbers for all checking, savings and loan accounts, dollar amounts of deposits along with cash on hand, as well as the tax identification number and individual social security numbers, which clearly "are the kind of '*particulars*' contemplated by the statute [since]...if this magnitude of information was disclosable, it would make a mockery and nullity of the taxpayer statutory protections envisioned..." In short, 27-3-73 covers "any taxes" including privilege taxes and makes illegal the disclosure of "the amount of income or any particulars set forth or disclosed in any report or return required [by MDOR]." I reaffirmed that "the release of this information is illegal...based upon the plain language [of the statute]." I also indicated that because of the criminal penalty (fines and imprisonment) potentially faced by the Commissioner and all MDOR employees there are ethical responsibilities under the Mississippi Rules of Professional Conduct (MRPC) to fully inform and allow a knowing decision to be made by the client (MDOR/Commissioner). (see MRPC 1.4, 1.13, 1.2, 5.1(c), 1.3)

Ashley May promptly responded by citing 67-1-55, which requires any applicant for an ABC permit to make a sworn statement disclosing "all persons financially involved in the operation of the business," owner addresses and percentage ownership interest in the business. The statute goes on to say that this information in the sworn statement is to be kept on file and to be made available to the public. Also, applicants must, when renewing, "disclose any change in the ownership"; and "any person who willfully fails to fully disclose...or gives false information, shall...be fined...($500.00) or imprisoned for not more than one year...and shall never again be eligible for any permit pertaining to alcoholic beverages..." To Ashley May's assertion that this statute made the applications disclosable, my November 24, 2020 email noted that her statute recited that only the sworn statement was public (containing only names, addresses and percentage ownership). Her statute did not list nor authorize release of any confidential financial information or "other particulars" required to be reported to MDOR in the ABC applications.

More specifically and to reiterate with regards to this statute, in my November 24, 2020 reply, I noted that 67-1-55 provides "Applicants...must disclose **persons** financially interested..." and **only** envisions names, addresses and percentage ownership to be disclosed **and not** any confidential financial information. I noted that this is further demonstrated by the preceding statute, 67-1-53, which only requires the applicant to publish in a newspaper "the type of permit...applied for, the...location...of the place of business, **the name of the owner or owners**...and if operating under an assumed name, the trade name together with **the names of all owners, and if a corporation, the names** and titles **of all officers**..." Neither statute which makes the information public involve, specifically or by necessary implication, any confidential financial information, but only names and addresses of persons involved with the ABC permit.

Ashley May raised the possibility of the 1983 Public Records Act perhaps overriding or modifying 27-3-73. As to the interplay between the confidentiality provisions of 27-3-73 and the 1983 Public Records Act, I went into legislative history at the request of Ashley May. I observed that 27-3-73 declaring it illegal to divulge taxpayer information was not repealed or even amended when the Public Records Act was enacted in 1983 but instead, neighboring 27-3-77, which basically reaffirms 27-3-73, was passed as section 14 of the 1983 Public Records Act along with other such exemptions from that Act. Miss. Code 27-3-77 recites, in relevant part, "Records in the possession of a public body...which would disclose information about a **person's individual tax payment or status**... shall be exempt from the provisions of the...Public Records Act." Clearly, the ABC permit application discloses that taxpayer's tax **payment,** as well as much about his financial **status.** I also noted therein that even if there is authority to disclose some information (i.e. 67-1-55 which authorizes disclosure of names, addresses, and percentage ownership) there is both statutory and other authority which stands for the proposition that other parts which are not subject to

disclosure must be redacted; however, Ashley May never discussed and apparently never considered redaction. (see for example AG Op. 03-0555).

Following our email exchange, Ashley May decided to raise this matter with the other MDOR attorneys for the first time and to simultaneously put this matter to a vote of the attorneys at our Tuesday, November 24, 2020, virtual zoom meeting. However, I observed that their opinions would be uninformed without having researched or looked into this matter. At that point, Ashley May agreed that they should first review this matter, and that it would be revisited at the meeting the following week; she directed that all of the attorneys communicate and email among themselves, and so on that same day I forwarded my/Ashley May's email exchange to each attorney, so that they had the benefit of all of the research done up to that point. I likewise continued my research. At the following Tuesday, December 1, 2020, virtual, zoom attorneys' meeting I asked if anyone had looked into the taxpayer confidentiality question, as was decided at the previous week's meeting, and Ashley May quickly interjected saying, "actually I already handled that, Chris." Of course, I was terminated later that day, so it seems apparent that this was how the matter was "handled," and I must question whether the full disclosure to the client was made as required by the Mississippi Rules of Professional Conduct. As noted above, this prompted my communication to you.

There is additional legal authority supporting my legal position that is not contained in the emails as a result of my abrupt termination. This would include items such as the MDOR's own regulations and other authority that shows the Public Records Act is, in relevant part, inapplicable. Again, this is merely a brief synopsis provided to discharge any professional ethical responsibilities to MDOR that require reporting up the chain-of-command. I, again, strongly urge you to obtain and thoroughly review the full email exchange reporting the illegality described herein, starting with my first email notification on November 20, 2020, which ultimately resulted in my termination on December 1, 2020.

Sincerely,

Chris Necaise

Gmail                                            Christopher Necaise <christophernecaise@gmail.com>

**(no subject)**
1 message

**Commissioner** <Commissioner@dor.ms.gov>                          Mon, Dec 7, 2020 at 4:09 PM
To: "christophernecaise@gmail.com" <christophernecaise@gmail.com>

Mr. Necaise,


Please accept this email as confirmation that I received your emails which you sent to my personal and work email
addresses. While I respectfully disagree with much of your analysis, thank you for reaching out to satisfy your perceived
legal obligations. Good luck to you in your future endeavors.


Chris Graham


DISCLAIMER : This e-mail transmission is intended for the use of the individual or entity addressed and may contain protected confidential
information. If you are not the intended recipient or the employee or agent responsible for delivering the transmission to the intended
recipient, any dissemination, forwarding, printing, distribution, copying or use of this transmission is strictly prohibited. If you have received this
transmission in error, please notify the sender and delete this transmission.

FILED

DEC 16 2020

## BEFORE THE MISSISSIPPI EMPLOYEE APPEALS BOARD

**CHRISTOPHER NECAISE**                                            **APPELLANT**

**VS.**                                                                    Docket No. 20-044 C

**MISSISSIPPI DEPARTMENT OF REVENUE**                    **RESPONDENT**

### ORDER OF DISMISSAL

Presently before the Mississippi Employee Appeals Board ("MAEB") is the appeal of Christopher Necaise, the Appellant (hereafter "Appellant"). For the reasons set forth in this Order, Appellant's appeal is dismissed.

Appellant was an employee at the Mississippi Department of Revenue. The Appellant was a non-state service employee and pursuant to Miss. Code Ann. §§ 25-9-127 *et seq.* and the Mississippi State Employee Handbook Rule 9.3, the MAEB lacks subject matter jurisdiction to hear the appeal.

THEREFORE, IT IS ORDERED that Appellant's appeal is hereby dismissed.

SO ORDERED AND ADJUDGED, this the 16 day of December, 2020.

THE MISSISSIPPI EMPLOYEE APPEALS BOARD

_____
Scott Corlew , Hearing Officer

EXHIBIT
"I"

FILED

MAR 03 2021

EMPLOYEE APPEALS BOARD

## BEFORE THE MISSISSIPPI EMPLOYEE APPEALS BOARD

CHRISTOPHER NECAISE                                 APPELLANT

VS.                                                                      NO. 20-044

MISSISSIPPI DEPT. OF REVENUE, *et al.*              RESPONDENTS

### ORDER

This matter having come before the Board on the Motion of the Mississippi Dept. of Revenue for reconsideration of the EAB's order dated December 16, 2020, dismissing the case for lack of jurisdiction, and the Hearing Officer being advised in the premises and having considered the motion and response finds that the motion is not well taken as the relief requested by the Appellant in his Notice of Appeal is not within the jurisdiction of the EAB.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Reconsider is denied.

ORDERED this the 3rd day of _March_, 2021.

_____
HEARING OFFICER

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | Case Year | | | Docket Number |
|---|---|---|---|---|
| 25 | 1 | CI2 | 2022 | 1 126 |
| County # | Judicial District | Court ID (CH, CI, CO) | | Local Docket ID |

| Month | Date | Year |
|---|---|---|
| 03 | 04 | 22 |

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2016)
This area to be completed by clerk

Case Number if filed prior to 1/1/94 _____

In the CIRCUIT    Court of    HINDS    County — FIRST    Judicial District

**Origin of Suit (Place an "X" in one box only)**
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual    Necaise    Christopher
Last Name    First Name    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

_____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

_____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
_____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff    Hancock County, Mississippi

Attorney (Name & Address)    Benjamin U. Bowden, 8927 Lorraine Rd, Ste. 204-B, Gulfport, MS 39503    MS Bar No. 3733
_____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual    Fitch    Lynn    M
Last Name    First Name    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

_____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

[X] Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency    Mississippi Department of Revenue

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
_____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) - If Known _____    MS Bar No. _____

_____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Minor Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other | **Torts** |
| [ ] Term. of Parental Rights-Chancery | [ ] Mental Health Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [ ] Breach of Contract | [ ] Fraud |
| [ ] Other | [ ] Guardianship | [ ] Installment Contract | [ ] Intentional Tort |
| **Appeals** | [ ] Heirship | [ ] Insurance | [ ] Loss of Consortium |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Legal |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other | [ ] Malpractice - Medical |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | **Statutes/Rules** | [ ] Mass Tort |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [ ] Negligence - General |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Negligence - Motor Vehicle |
| [ ] Municipal Court | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Premises Liability |
| [ ] Other | [ ] Alcohol/Drug Commitment (Involuntary) | [ ] Injunction or Restraining Order | [ ] Product Liability |
| | | [X] Other  Tort Claims Act | [ ] Subrogation |
| | | | [ ] Wrongful Death |
| | | | [X] Other  Tort Claims Act |

[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other
**Children/Minors - Non-Domestic**

Case: 25CI1:22-cv-00126-EFP    Document #: 2-1    Filed: 03/04/2022    Page 2 of 6

IN THE <u>CIRCUIT</u>    COURT OF <u>HINDS</u>    COUNTY, MISSISSIPPI

<u>FIRST</u>    JUDICIAL DISTRICT, CITY OF _____

Docket No. <u>22</u> - <u>126</u> _____    Docket No. If Filed
    File Yr    Chronological No.    Clerk's Local ID    Prior to 1/1/94 _____

**PLAINTIFFS IN REFERENCED CAUSE - Page 1 of _1_ Plaintiffs Pages
IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff #2:**

**Individual:** _____  _____  ( _____ ) _____ _____
    Last Name    First Name    Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: <u>3733</u>    Bar # or Name: <u>BENJAMIN U. BOWDEN</u>    *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

**Individual:** _____  _____  ( _____ ) _____ _____
    Last Name    First Name    Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____    *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

**Individual:** _____  _____  ( _____ ) _____ _____
    Last Name    First Name    Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS PLAINTIFF: _____ Bar # or Name: _____    *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT_____ COURT OF HINDS_____ COUNTY, MISSISSIPPI

FIRST_____ JUDICIAL DISTRICT, CITY OF _____

Docket No. **22** - **126**
File Yr    Chronological No.    Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

### PLAINTIFFS IN REFERENCED CAUSE - Page __ of _1_ Plaintiffs Pages
### IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Plaintiff # __ :**

**Individual:** _____ _____ ( _____ ) _____ _____
                    Last Name              First Name          Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** _____
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

   D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____    *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff # __ :**

**Individual:** _____ _____ ( _____ ) _____ _____
                    Last Name              First Name          Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** _____
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

   D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____    *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff # __ :**

**Individual:** _____ _____ ( _____ ) _____ _____
                    Last Name              First Name          Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** _____
              Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

   D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____    *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE <u>CIRCUIT</u> COURT OF <u>HINDS</u> COUNTY, MISSISSIPPI

<u>FIRST</u> JUDICIAL DISTRICT, CITY OF _____

Docket No. <u>22</u> - <u>126</u> _____     Docket No. If Filed
       File Yr      Chronological No.      Clerk's Local ID      Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

**Individual:** <u>Reeves</u> <u>Tate</u> ( _____ ) ____ ____
       Last Name      First Name      Maiden Name, if Applicable      Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

✓ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A <u>State of Mississippi</u>

**Business** _____
       Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:** <u>Fitch</u> <u>Lynn</u> ( _____ ) ____ ____
       Last Name      First Name      Maiden Name, if Applicable      Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

✓ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A <u>State of Mississippi</u>

**Business** _____
       Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:** <u>May</u> <u>Ashley</u> ( _____ ) ____ ____
       Last Name      First Name      Maiden Name, if Applicable      Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

   Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

   D/B/A _____

**Business** _____
       Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

   D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT_____ COURT OF HINDS_____ COUNTY, MISSISSIPPI

FIRST_____ JUDICIAL DISTRICT, CITY OF

Docket No. **22** - **126**
File Yr    Chronological No.     Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page ___ of ___ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant # ___ :**

**Individual:** Graham _____  Christopher _____  ( _____ ) _____ _____
     Last Name       First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
     Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

**Individual:** Caldwell _____  David _____  ( _____ ) _____ _____
     Last Name       First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
     Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

**Individual:** Thomas _____  Bridgette _____  ( _____ ) _____ _____
     Last Name       First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
     Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

Case: 25CI1:22-cv-00126-EFP     Document #: 2-1     Filed: 03/04/2022     Page 6 of 6

IN THE CIRCUIT_____ COURT OF HINDS_____ COUNTY, MISSISSIPPI

FIRST_____ JUDICIAL DISTRICT, CITY OF

Docket No. 22 - 126
File Yr   Chronological No.   Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

## DEFENDANTS IN REFERENCED CAUSE - Page ___ of ___ Defendants Pages
## IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant # ___ :**

**Individual:** Craig_____ Jan_____ (_____) _____ _____
Last Name     First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

**Individual:** Barlett_____ Meg_____ (_____) _____ _____
Last Name     First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

**Individual:** _____ _____ (_____) _____ _____
Last Name     First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                                PLAINTIFF

VERSUS                                   CIVIL ACTION NO.: _22 · 126_

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                          DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI
TO:    ASHLEY MERRYMAN MAY
       660 NORTH ST., STE 104,
       JACKSON MS 39202
       (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN
RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN
BOWDEN, PC**. THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS
**8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT,
MISSISSIPPI 39503**. YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30
DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A
JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR
OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK
OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY
OF _March_, 2022.

(SEAL)                          ZACH WALLAGE, CIRCUIT CLERK
                                OF HINDS COUNTY, MISSISSIPPI

                                BY: _____ D.C.
                                    DEPUTY CLERK



## PROOF OF SERVICE -- SUMMONS

_____
Name of Person or Entity Served

I, _____, served the summons and complaint upon the person or entity named above in the manner set forth below:

____ **PERSONAL SERVICE.** I personally delivered copies to _____ _____ on the _____ day of _____, 2022 where I found said person in _____ County of the State of Mississippi.

____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $_____

Process must list below: [*Please print or type*]

Name: _____

Address: _____

_____

Telephone: _____

STATE OF MISSISSIPPI

COUNTY OF _____

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _____, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me, this the _____ day of _____, 2022.

My Commission Expires:        _____
                                                    Notary Public

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                                        **PLAINTIFF**

VERSUS                                          CIVIL ACTION NO.: $\underline{22-126}$

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                              **DEFENDANTS**

## SUMMONS

THE STATE OF MISSISSIPPI
TO:    LAMAR WILSON
        500 CLINTON CENTER DR.
        CLINTON, MS 39056
        (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC**. THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503**. YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF March , 2022.

(SEAL)                                    ZACH WALLAGE, CIRCUIT CLERK
                                          OF HINDS COUNTY, MISSISSIPPI

                                          BY: _____ D.C.
                                              DEPUTY CLERK

## PROOF OF SERVICE -- SUMMONS

_____
Name of Person or Entity Served

I, _____, served the summons and complaint upon the person or entity named above in the manner set forth below:

____    **PERSONAL   SERVICE.**  I   personally   delivered   copies   to   _____ _____ on the _____ day of _____, 2022 where I found said person in _____ County of the State of Mississippi.

____    **RESIDENCE SERVICE.**  After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $_____

Process must list below: [_Please print or type_]

Name: _____
Address: _____
_____
Telephone: _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _____, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me, this the _____ day of _____, 2022.

My Commission Expires:        _____
                                            Notary Public

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO.: **22-126**

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                          **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI
TO:    BRIDGETTE THOMAS
       500 CLINTON CENTER DR.
       CLINTON, MS 39056
       (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC.** THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503.** YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF March, 2022.

(SEAL)

ZACH WALLAGE, CIRCUIT CLERK
OF HINDS COUNTY, MISSISSIPPI

BY: _DK. Wells_ D.C.

DEPUTY CLERK

## PROOF OF SERVICE -- SUMMONS

_____
Name of Person or Entity Served

I, _____, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____    **PERSONAL    SERVICE**.  I  personally  delivered  copies  to  _____ _____ on the _____ day of _____, 2022 where I found said person in _____ County of the State of Mississippi.

_____    **RESIDENCE SERVICE**.  After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $_____

Process must list below: [_Please print or type_]

Name: _____
Address: _____
_____
Telephone: _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _____, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me, this the _____ day of _____, 2022.

My Commission Expires:    _____
Notary Public

Case: 25CI1:22-cv-00126-EFP    Document #: 6    Filed: 03/04/2022    Page 1 of 2

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                          **PLAINTIFF**

VERSUS                              CIVIL ACTION NO.: _22- 126_

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                        **DEFENDANTS**

## SUMMONS

THE STATE OF MISSISSIPPI
TO:    MEG BARTLETT
       500 CLINTON CENTER DR.
       CLINTON, MS 39056
       (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN
RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN
BOWDEN, PC**. THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS
**8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT,
MISSISSIPPI 39503**. YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30
DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A
JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR
OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK
OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY
OF _March_, 2022.

(SEAL)

ZACH WALLAGE, CIRCUIT CLERK
OF HINDS COUNTY, MISSISSIPPI

BY: _____ D.C.
DEPUTY CLERK

## PROOF OF SERVICE -- SUMMONS

_____
Name of Person or Entity Served

I, _____, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____ **PERSONAL SERVICE.** I personally delivered copies to _____ _____ on the _____ day of _____, 2022 where I found said person in _____ County of the State of Mississippi.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $_____

Process must list below: [*Please print or type*]

Name: _____
Address: _____
_____
Telephone: _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _____, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me, this the _____ day of _____, 2022.

My Commission Expires:     _____
Notary Public

### IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                                    PLAINTIFF

VERSUS                              CIVIL ACTION NO.: $22-126$

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                               DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI
TO:    JAN CRAIG
       500 CLINTON CENTER DR.
       CLINTON, MS 39056
       (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC**. THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503**. YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF _March_, 2022.

(SEAL)

ZACH WALLAGE, CIRCUIT CLERK
OF HINDS COUNTY, MISSISSIPPI

BY: _____ O.c.
       DEPUTY CLERK

Case: 25CI1:22-cv-00126-EFP    Document #: 7    Filed: 03/04/2022    Page 2 of 2

## PROOF OF SERVICE -- SUMMONS

_____
Name of Person or Entity Served

I, _____, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____    **PERSONAL SERVICE.** I personally delivered copies to _____ _____ on the _____ day of _____, 2022 where I found said person in _____ County of the State of Mississippi.

_____    **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $_____

Process must list below: [_Please print or type_]

Name: _____
Address: _____
_____
Telephone: _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _____, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me, this the _____ day of _____, 2022.

My Commission Expires:    _____
Notary Public

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                                        PLAINTIFF

VERSUS                                    CIVIL ACTION NO.: 22-126

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                                          DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI
TO:    DAVID CALDWELL
       500 CLINTON CENTER DR.
       CLINTON, MS 39056
       (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC**. THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503**. YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF March , 2022.

(SEAL)

ZACH WALLAGE, CIRCUIT CLERK
OF HINDS COUNTY, MISSISSIPPI

BY:  D.C.
DEPUTY CLERK



## PROOF OF SERVICE -- SUMMONS

_____
Name of Person or Entity Served

I, _____, served the summons and complaint upon the person or entity named above in the manner set forth below:

____    **PERSONAL SERVICE.** I personally delivered copies to _____ _____ on the _____ day of _____, 2022 where I found said person in _____ County of the State of Mississippi.

____    **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $_____

Process must list below: [*Please print or type*]

Name: _____
Address: _____
_____
Telephone: _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _____, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me, this the _____ day of _____, 2022.

My Commission Expires:        _____
Notary Public

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                                        **PLAINTIFF**

VERSUS                                   CIVIL ACTION NO.: 22-126

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                                    **DEFENDANTS**

## SUMMONS

THE STATE OF MISSISSIPPI
TO:   MISSISSIPPI DEPARTMENT OF REVENUE
      ATTORNEY GENERAL LYNN FITCH
      550 HIGH STREET, SUITES 1200,
      JACKSON MS 39205
      (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC**. THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503.** YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF _March_, 2022.

(SEAL)                               ZACH WALLAGE, CIRCUIT CLERK
                 OF HINDS COUNTY, MISSISSIPPI

                                     BY: _____ D.C.
                                         DEPUTY CLERK

## PROOF OF SERVICE -- SUMMONS

_____
Name of Person or Entity Served

I, _____, served the summons and complaint upon the person or entity named above in the manner set forth below:

____  **PERSONAL SERVICE.** I personally delivered copies to _____ _____ on the _____ day of _____, 2022 where I found said person in _____ County of the State of Mississippi.

____  **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $_____

Process must list below: [*Please print or type*]

Name: _____
Address: _____
_____
Telephone: _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _____, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me, this the _____ day of _____, 2022.

My Commission Expires:      _____
Notary Public

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                          PLAINTIFF

VERSUS                                    CIVIL ACTION NO.: _22-126_

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                           DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI
TO:    CHRISTOPHER GRAHAM
       500 CLINTON CENTER DR.
       CLINTON, MS 39056
       (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC.** THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503.** YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF _March_, 2022.

(SEAL)                          ZACH WALLAGE, CIRCUIT CLERK
                                OF HINDS COUNTY, MISSISSIPPI

                                BY: _____ D.C.
                                    DEPUTY CLERK

Case: 25CI1:22-cv-00126-EFP    Document #: 10    Filed: 03/04/2022    Page 2 of 2

## PROOF OF SERVICE -- SUMMONS

_____
Name of Person or Entity Served

I, _____, served the summons and complaint upon the person or entity named above in the manner set forth below:

____ **PERSONAL SERVICE.** I personally delivered copies to _____ _____ on the _____ day of _____, 2022 where I found said person in _____ County of the State of Mississippi.

____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $_____

Process must list below: [*Please print or type*]

Name: _____
Address: _____
_____
Telephone: _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _____, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me, this the _____ day of _____, 2022.

My Commission Expires: _____
Notary Public

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                             PLAINTIFF

VERSUS                              CIVIL ACTION NO.: _22- 126_

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                        DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI
TO:    STATE OF MISSISSIPPI
       GOVERNOR TATE REEVES
       550 HIGH STREET
       JACKSON MS 39205
       (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC**. THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503**. YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF _March_, 2022.

                          ZACH WALLAGE, CIRCUIT CLERK
                          OF HINDS COUNTY, MISSISSIPPI

(SEAL)                    BY: _____ D.C.
                               DEPUTY CLERK

Case: 25CI1:22-cv-00126-EFP    Document #: 11    Filed: 03/04/2022    Page 2 of 2

## PROOF OF SERVICE -- SUMMONS

_____
Name of Person or Entity Served

I, _____, served the summons and complaint upon the person or entity named above in the manner set forth below:

____    **PERSONAL SERVICE.** I personally delivered copies to _____ _____ on the _____ day of _____, 2022 where I found said person in _____ County of the State of Mississippi.

____    **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $_____

Process must list below: [*Please print or type*]

Name: _____
Address: _____
_____
Telephone: _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _____, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me, this the _____ day of _____, 2022.

My Commission Expires:    _____
                                        Notary Public

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO.: _22-126_

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                           DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI
TO:     STATE OF MISSISSIPPI
        ATTORNEY GENERAL LYNN FITCH
        550 HIGH STREET, SUITES 1200,
        JACKSON MS 39205
        (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC**. THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503**. YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS _4th_ DAY OF _March_____, 2022.

(SEAL)

                              ZACH WALLAGE, CIRCUIT CLERK
                              OF HINDS COUNTY, MISSISSIPPI

                              BY: _____ _D.C._
                                    DEPUTY CLERK

Case: 25CI1:22-cv-00126-EFP    Document #: 12    Filed: 03/04/2022    Page 2 of 2

## PROOF OF SERVICE -- SUMMONS

_____
Name of Person or Entity Served

I, _____, served the summons and complaint upon the person or entity named above in the manner set forth below:

_____ **PERSONAL SERVICE.** I personally delivered copies to _____ _____ on the _____ day of _____, 2022 where I found said person in _____ County of the State of Mississippi.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $_____

Process must list below: [*Please print or type*]

Name: _____
Address: _____
_____
Telephone: _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _____, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me, this the _____ day of _____, 2022.

My Commission Expires:    _____
                                        Notary Public

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                          PLAINTIFF

VERSUS                          CIVIL ACTION NO.: **22 - 126**

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                             DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI
TO:    STATE OF MISSISSIPPI
       GOVERNOR TATE REEVES
       550 HIGH STREET
       JACKSON MS 39205
       (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC**. THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503**. YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF March, 2022.

(SEAL)

ZACH WALLAGE, CIRCUIT CLERK
OF HINDS COUNTY, MISSISSIPPI

BY: _____
DEPUTY CLERK

ATTEST A TRUE COPY

MAR 04 2022

ZACK WALLACE, CIRCUIT CLERK

D.C.

## PROOF OF SERVICE -- SUMMONS

_State of Mississippi_
Name of Person or Entity Served

I, _Deborah Hicks_, served the summons and complaint upon the person or entity named above in the manner set forth below:

__X__ **PERSONAL SERVICE.** I personally delivered copies to _Governor Tate Reeves_ on the _23rd_ day of _March_, 2022 where I found said person in _Hinds_ County of the State of Mississippi.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $ _4500_

Process must list below: [_Please print or type_]

Name: _Deborah Hicks_
Address: _P.O. Box 75565_
_Jackson MS 39282_
Telephone: _(601) 291-4807_

STATE OF MISSISSIPPI
COUNTY OF _Hinds_

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _Deborah Hicks_, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_Deborah Hicks_
Process Server

Sworn to and subscribed before me, this the _23rd_ day of _March_, 2022.

My Comm. Expires: _11/7/24_    _Eden Pepper_
Notary Public

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 118295
EDEN DANIELLE PEPPER
Commission Expires
Nov. 7, 2024
YAZOO COUNTY



Lynn Fitch
ATTORNEY GENERAL

March 20, 2020

Notice

## Service of Process Upon the Office of the Attorney General During the COVID-19 State of Emergency

The 12th floor lobby of the Attorney General's Office is closed to the public. As of March 20, 2020, and until further notice, Attorney General Lynn Fitch has designated the lockbox located at the Capitol Police desk in the lobby of the Walter Sillers State Office Building at 550 High Street, Jackson, Mississippi as the location for the Attorney General to receive service of process pursuant to Mississippi Rule of Civil Procedure 4(d)(5) and Federal Rule of Civil Procedure 4(j)(2)(B). Summonses and subpoenas to be served on the Attorney General's Office should be placed in this lockbox.

The Capitol Police will _not_ provide an acknowledgment of service. However, you may take a copy of this notice and the accompanying Attorney General's Office business card for your files.

As a reminder, subpoenas seeking documents in the possession, custody, or control of a state agency other than the Attorney General's Office must be served directly on that agency. Placing those subpoenas in this lockbox is not legally sufficient service of process.

The lockbox will be checked once a day. If the matter requires immediate attention, or if you have a question about service of process, please call or email Assistant Attorney General Doug Miracle at 601-359-5654 or **doug.miracle@ago.ms.gov**

Lynn Fitch
ATTORNEY GENERAL

Summons Receipt

Received Date: 5/23 2022   Time: 1407

Capitol Police: RAO

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                      PLAINTIFF

VERSUS                              CIVIL ACTION NO.: **22-126**

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                          DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI
TO:    STATE OF MISSISSIPPI •
       ATTORNEY GENERAL LYNN FITCH •
       550 HIGH STREET, SUITES 1200,
       JACKSON MS 39205
       (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC**. THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503**. YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF _____March_____, 2022.

(SEAL)                          ZACH WALLAGE, CIRCUIT CLERK
                                OF HINDS COUNTY, MISSISSIPPI

                                BY: _____ D.v
                                    DEPUTY CLERK

## PROOF OF SERVICE -- SUMMONS

*State of Mississippi*
Name of Person or Entity Served

I, *Deborah Hicks*, served the summons and complaint upon the person or entity named above in the manner set forth below:

**X**  **PERSONAL SERVICE.** I personally delivered copies to *Attorney General Lynn Fitch* on the *23* day of *March*, 2022 where I found said person in *Hinds* County of the State of Mississippi.

____  **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $ *45*

Process must list below: [*Please print or type*]

Name: *Deborah Hicks*
Address: *P.O. Box 75565*
  *Jackson MS 39282*
Telephone: *(601)291-4807*

STATE OF MISSISSIPPI
COUNTY OF *Hinds*

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named *Deborah Hicks*, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me, this the *23rd* day of *March*, 2022.

My Commission Expires: *11/7/2024*    _____
Notary Public

ID # 118295
EDEN DANIELLE PEPPER
Commission Expires
Nov. 7, 2024



March 20, 2020

### Notice

### Service of Process Upon the Office of the Attorney General During the COVID-19 State of Emergency

The 12ᵗʰ floor lobby of the Attorney General's Office is closed to the public. As of March 20, 2020, and until further notice, Attorney General Lynn Fitch has designated the lockbox located at the Capitol Police desk in the lobby of the Walter Sillers State Office Building at 550 High Street, Jackson, Mississippi as the location for the Attorney General to receive service of process pursuant to Mississippi Rule of Civil Procedure 4(d)(5) and Federal Rule of Civil Procedure 4(j)(2)(B). Summonses and subpoenas to be served on the Attorney General's Office Should be placed in this lockbox.

The Capitol Police will not provide an acknowledgment of service. However, you may take a copy of this notice and the accompanying Attorney General's Office business card for your files.

As a reminder, subpoenas seeking documents in the possession, custody, or control of a state agency other than the Attorney General's Office must be served directly on that agency. Placing those subpoenas in this lockbox is not legally sufficient service of process.

The lockbox will be checked once a day. If the matter requires immediate attention, or if you have a question about service of process, please call or email Assistant Attorney General Doug Miracle at 601-359-5654 or **doug.miracle@ago.ms.gov**

**Summons Receipt**

Received Date: 5/23 2022  Time: 1407

Capitol Police:

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                        PLAINTIFF

VERSUS                              CIVIL ACTION NO.: $22 - 126$

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                           DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI
TO:   MISSISSIPPI DEPARTMENT OF REVENUE
      ATTORNEY GENERAL LYNN FITCH
      550 HIGH STREET, SUITES 1200,
      JACKSON MS 39205
      (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC**. THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503**. YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF _March_, 2022.

(SEAL)

ZACH WALLAGE, CIRCUIT CLERK
OF HINDS COUNTY, MISSISSIPPI

BY: _____ D.C.
DEPUTY CLERK

## PROOF OF SERVICE -- SUMMONS

*Mississippi Department of Revenue*
Name of Person or Entity Served

I, _Deborah Hicks_ , served the summons and complaint upon the person or entity named above in the manner set forth below:

**_X_   PERSONAL SERVICE.** I personally delivered copies to _Attorney General Lynn Fitch_ on the _22nd_ day of _March_ , 2022 where I found said person in _Hinds_ County of the State of Mississippi.

**___   RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $ _25.00_

Process must list below: [*Please print or type*]

Name: _Deborah Hicks_
Address: _P.O. Box 75565_
_Jackson MS 39282_
Telephone: _(601) 291-4807_

STATE OF MISSISSIPPI
COUNTY OF _Hinds_

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _Deborah Hicks_ , who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_Deborah Hicks_
Process Server

Sworn to and subscribed before me, this the _23rd_ day of _March_ , 2022.

My Commission Expires: _11/7/24_

_Eden Pepper_
Notary Public

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 118295
EDEN DANIELLE PEPPER
Commission Expires
Nov. 7, 2024
YAZOO COUNTY



March 20, 2020

## Notice

## Service of Process Upon the Office of the Attorney General During the COVID-19 State of Emergency

The 12th floor lobby of the Attorney General's Office is closed to the public. As of March 20, 2020, and until further notice, Attorney General Lynn Fitch has designated the lockbox located at the Capitol Police desk in the lobby of the Walter Sillers State Office Building at 550 High Street, Jackson, Mississippi as the location for the Attorney General to receive service of process pursuant to Mississippi Rule of Civil Procedure 4(d)(5) and Federal Rule of Civil Procedure 4(j)(2)(B). Summonses and subpoenas to be served on the Attorney General's Office should be placed in this lockbox.

The Capitol Police will not provide an acknowledgment of service. However, you may take a copy of this notice and the accompanying Attorney General's Office business card for your files.

As a reminder, subpoenas seeking documents in the possession, custody, or control of a state agency other than the Attorney General's Office must be served directly on that agency. Placing those subpoenas in this lockbox is not legally sufficient service of process.

The lockbox will be checked once a day. If the matter requires immediate attention, or if you have a question about service of process, please call or email Assistant Attorney General Doug Miracle at 601-359-5654 or **doug.miracle@ago.ms.gov**

ATTORNEY GENERAL
*Lynn Fitch*
ATTORNEY GENERAL

## Summons Receipt

Received Date: 3/23 2022  Time: 1407

Capitol Police: ___

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                          PLAINTIFF

VERSUS                              CIVIL ACTION NO.: 22-126

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                             DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI
TO:    ASHLEY MERRYMAN MAY
       660 NORTH ST., STE 104,
       JACKSON MS 39202
       (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC.** THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503.** YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF _March_, 2022.

(SEAL)                          ZACH WALLAGE, CIRCUIT CLERK
                                OF HINDS COUNTY, MISSISSIPPI

                                BY: _DK Wells_ D.c.
                                DEPUTY CLERK



## PROOF OF SERVICE -- SUMMONS

_Ashley Merryman May_
Name of Person or Entity Served

I, _Deborah Hicks_, served the summons and complaint upon the person or entity named above in the manner set forth below:

_X_  **PERSONAL SERVICE.** I personally delivered copies to _Ashley Merryman May_ on the _24_ day of _March_, 2022 where I found said person in _Hinds_ County of the State of Mississippi.

___  **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $ _45.00_

Process must list below: [Please print or type]

Name: _Deborah Hicks_
Address: _P. O. Box 75566_
_Jackson MS 39282_
Telephone: _(601) 291-4807_

STATE OF MISSISSIPPI
COUNTY OF _Hinds_

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _Deborah Hicks_, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_Deborah Hicks_
Process Server

Sworn to and subscribed before me, this the _28th_ day of _March_, 2022.

My Commission Expires: _11/7/24_    _Eden Pepper_
Notary Public

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 118295
EDEN DANIELLE PEPPER
Commission Expires
Nov. 7, 2024
YAZOO COUNTY



**Hunter Buxton**
**Mississippi Commission on Judicial Performance**
Office Manager

660 North Street
Suite 104
Jackson, MS 39202

Main (601) 359-1373
Direct (601) 359-1222
Buxton@mcojp.ms.gov

3/24/22
@ 11:59 am

RE: Ashley May

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                          PLAINTIFF

VERSUS                                    CIVIL ACTION NO.: **22 - 126**

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                             DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI
TO:   BRIDGETTE THOMAS
      500 CLINTON CENTER DR.
      CLINTON, MS 39056
      (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC**. THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503**. YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF March , 2022.

(SEAL)                          ZACH WALLAGE, CIRCUIT CLERK
                                OF HINDS COUNTY, MISSISSIPPI

                                BY: _D.K. Wells_ D.C.
                                DEPUTY CLERK

## PROOF OF SERVICE -- SUMMONS

_Bridgette Thomas_
Name of Person or Entity Served

I, _Deborah Hicks_, served the summons and complaint upon the person or entity named above in the manner set forth below:

_X_ **PERSONAL SERVICE.** I personally delivered copies to _Bridgette Thomas_ on the _24_ day of _March_, 2022 where I found said person in _Hinds_ County of the State of Mississippi.

___ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $ _45_

Process must list below: [_Please print or type_]

Name: _Deborah Hicks_
Address: _P.O. Box 75565_
_Jackson MS 39282_
Telephone: _(601) 291-4807_

STATE OF MISSISSIPPI
COUNTY OF _Hinds_

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _Deborah Hicks_, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_Deborah Hicks_
Process Server

Sworn to and subscribed before me, this the _28th_ day of _March_, 2022.

My Commission Expires: _11/7/24_    _Eden Pepper_
Notary Public

MISSISSIPPI NOTARY PUBLIC
ID # 118295
EDEN DANIELLE PEPPER
Commission Expires
Nov. 7, 2024
YAZOO COUNTY

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                                      PLAINTIFF

VERSUS                                    CIVIL ACTION NO.: _22-126_

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                                        DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI
TO:   DAVID CALDWELL
      500 CLINTON CENTER DR.
      CLINTON, MS 39056
      (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC.** THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503.** YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF _March_, 2022.

(SEAL)                                    ZACH WALLAGE, CIRCUIT CLERK
                                          OF HINDS COUNTY, MISSISSIPPI

                                          BY: _____ D.C.
                                                DEPUTY CLERK



## PROOF OF SERVICE -- SUMMONS

David Caldwell
Name of Person or Entity Served

I, Deborah Hicks, served the summons and complaint upon the person or entity named above in the manner set forth below:

X    **PERSONAL SERVICE.** I personally delivered copies to David Caldwell on the 24 day of March, 2022 where I found said person in Hinds County of the State of Mississippi.

\_\_\_    **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $ 45

Process must list below: [*Please print or type*]

Name: Deborah Hicks
Address: P.O. Box 75565
         Jackson ms 39282
Telephone: (601) 261-4807

STATE OF MISSISSIPPI
COUNTY OF Hinds

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named Deborah Hicks, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

Deborah Hicks
Process Server

Sworn to and subscribed before me, this the 28th day of March, 2022.

My Commission Expires: 11/7/24

Eden Pepper
Notary Public

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 118295
EDEN DANIELLE PEPPER
Commission Expires
Nov. 7, 2024
YAZOO COUNTY

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO.: _22-126_

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                                      DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI
TO:    CHRISTOPHER GRAHAM
       500 CLINTON CENTER DR.
       CLINTON, MS 39056
       (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC.** THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503.** YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF _March_, 2022.

(SEAL)                                 ZACH WALLACE, CIRCUIT CLERK
                                       OF HINDS COUNTY, MISSISSIPPI

                                       BY: _D/ Well_ D.C.
                                       DEPUTY CLERK

ATTEST A TRUE COPY

MAR 04 2022

ZACH WALLACE, CIRCUIT CLERK

BY _DK_ D.C.

## PROOF OF SERVICE -- SUMMONS

_Christopher Graham_
Name of Person or Entity Served

I, _Deborah Hicks_ served the summons and complaint upon the person or entity named above in the manner set forth below:

_X_    **PERSONAL SERVICE.** I personally delivered copies to _Christopher Graham_ on the _24_ day of _March_, 2022 where I found said person in _Hinds_ County of the State of Mississippi.

___    **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $ _45_

Process must list below: [_Please print or type_]

Name: _Deborah Hicks_
Address: _P.O. Box 75565_
            _Jackson MS 34582_
Telephone: _(601) 291-4807_

STATE OF MISSISSIPPI
COUNTY OF _Hinds_

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named _Deborah Hicks_, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

_Deborah Hicks_
Process Server

Sworn to and subscribed before me, this the _28th_ day of _March_, 2022.

My Commission Expires: _11/7/24_    _Eden Pepper_
                                         Notary Public

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 118295
EDEN DANIELLE PEPPER
Commission Expires
Nov. 7, 2024
YAZOO COUNTY

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO.: 22 - 126

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                                DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI
TO:   JAN CRAIG
        500 CLINTON CENTER DR.
        CLINTON, MS 39056
        (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC.** THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503.** YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF March , 2022.

(SEAL)

ZACH WALLAGE, CIRCUIT CLERK
OF HINDS COUNTY, MISSISSIPPI

BY: _____ D.C.
DEPUTY CLERK

Case: 25CI1:22-cv-00126-EFP     Document #: 20     Filed: 04/16/2022     Page 2 of 2

## PROOF OF SERVICE -- SUMMONS

*Jan Craig*
Name of Person or Entity Served

I, *Deborah Hicks* , served the summons and complaint upon the person or entity named above in the manner set forth below:

**X**  **PERSONAL SERVICE.** I personally delivered copies to *Jan Craig* _____ on the *24* day of *March* , 2022 where I found said person in *Hinds* County of the State of Mississippi.

___  **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____ state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service: $ *45*

Process must list below: [*Please print or type*]

Name: *Deborah Hicks*
Address: *P.O. Box 75565*
*Jackson MS 39282*
Telephone: *(601) 291-4807*

STATE OF MISSISSIPPI
COUNTY OF *Hinds*

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named *Deborah Hicks* , who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

*Deborah Hicks*
Process Server

Sworn to and subscribed before me, this the *28th* day of *March* , 2022.

My Commission Expires: *11/7/24*     *Eden D. Pepper*
Notary Public

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 118295
EDEN DANIELLE PEPPER
Commission Expires
Nov. 7, 2024
YAZOO COUNTY

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CHRISTOPHER NECAISE                                              PLAINTIFF

VERSUS                                CIVIL ACTION NO.: *22-126*

MISSISSIPPI DEPARTMENT OF REVENUE,
THE STATE OF MISSISSIPPI, et al.                               DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI
TO:   LAMAR WILSON
      500 CLINTON CENTER DR.
      CLINTON, MS 39056
      (Or, where ever he/she may be found)

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN RESPONSE TO THE COMPLAINT TO **BENJAMIN U. BOWDEN, ESQ. OF BEN BOWDEN, PC.** THE ATTORNEY FOR THE PLAINTIFF, WHOSE STREET ADDRESS IS **8927 LORRAINE ROAD BRIDGEWATER COMMONS, SUITE 204-B, GULFPORT, MISSISSIPPI 39503.** YOUR RESPONSE MUST BE MAILED OR DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT, OR A JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS COURT WITHIN A REASONABLE TIME AFTERWARD.

ISSUED UNDER MY HAND AND THE SEAL OF SAID COURT, THIS 4th DAY OF *March*, 2022.

(SEAL)                              ZACH WALLAGE, CIRCUIT CLERK
                                   OF HINDS COUNTY, MISSISSIPPI

                                   BY: _____ D. C.
                                   DEPUTY CLERK

Case: 25CI1:22-cv-00126-EFP    Document #: 21    Filed: 04/16/2022    Page 2 of 2

## PROOF OF SERVICE -- SUMMONS

*Lamar Wilson*
Name of Person or Entity Served

I, *Deborah Hicks*, served the summons and complaint upon the person or entity named above in the manner set forth below:

_X_    **PERSONAL SERVICE.** I personally delivered copies to *Lamar Wilson* on the *24* day of *March*, 2022 where I found said person in *Hinds* County of the State of Mississippi.

___    **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____, state. I served the summons and complaint on the _____ day of _____, 2022, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2022, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action. Fee for service:
$ *45*

Process must list below: [*Please print or type*]

Name: *Deborah Hicks*
Address: *P. O. Box 7556S*
*Jackson MS 39282*
Telephone: *(601) 291-4807*

STATE OF MISSISSIPPI
COUNTY OF *Hinds*

Personally, appeared before me, the undersigned authority, in and for the County and State aforesaid, the within named *Deborah Hicks*, who being first by me duly sworn state on oath did depose and state that the matters and facts set forth in the foregoing "Proof of Service -- Summons" are true and correct as therein stated.

*Deborah Hicks*
Process Server

Sworn to and subscribed before me, this the *20th* day of *March*, 2022.

My Commission Expires: *11/7/24*    *Eden Pepper*
Notary Public

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 118295
EDEN DANIELLE PEPPER
Commission Expires
Nov. 7, 2024
YAZOO COUNTY